1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

FEDERAL TRADE COMMISSION,

10

Plaintiff,

Case No. C09-5380RBL

11

v.

12
13
14
15
16
17
18
19
20

MCS PROGRAMS, LLC, a Washington
Limited Liability Company, also doing
business as Mutual Consolidated Savings;
UNITED SAVINGS CENTER, INC., a
Washington corporation, also doing business
as Mutual Consolidated Savings; USC
PROGRAMS, LLC, a Washington Limited
Liability Company, also doing business as
Mutual Consolidated Savings; PAUL
MORRIS THOMPSON, individually and as an
officer of MCS Programs, LLC, United
Savings Center, Inc., and USC Programs, LLC;
and MIRANDA CAVENDER, individually
and as a manager of MCS Programs, LLC,
United Savings Center, Inc., and USC
Programs, LLC,

**TEMPORARY RESTRAINING
ORDER WITH ASSET FREEZE,
APPOINTMENT OF TEMPORARY
RECEIVER, IMMEDIATE ACCESS
TO BUSINESS PREMISES, LIMITED
EXPEDITED DISCOVERY, AND AN
ORDER TO SHOW CAUSE WHY A
PRELIMINARY INJUNCTION
SHOULD NOT ISSUE**

21

Defendants.

22
23
24
25
26
27
28

Proposed Temporary Restraining Order

Plaintiff, the Federal Trade Commission ("FTC" or "Commission"), pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57b, has filed a Complaint for Injunctive and Other Equitable Relief, including consumer redress, and an *Ex Parte* Application for Temporary Restraining Order, with Asset Freeze, Appointment of a Receiver, Order Granting Immediate Access, Order Permitting Limited Expedited Discovery, and Order to Show Cause Why Preliminary Injunction Should Not Issue, and Supporting Memorandum ("Application for TRO").

## FINDINGS OF FACT

The Court has considered the Complaint, *Ex Parte* Application for TRO, the Memorandum of Points and Authorities with supporting Exhibits, and all other papers filed herein. It appears to the satisfaction of the Court that:

1.    This Court has jurisdiction over the subject matter of the case, and there is good cause to believe it will have jurisdiction over all parties.

2.    Venue lies properly with this Court.

3.    There is good cause to believe that Defendants:

      a.    MCS Programs, LLC, a Washington Limited Liability Company, also doing business as Mutual Consolidated Savings;

      b.    United Savings Center, Inc., a Washington corporation, also doing business as Mutual Consolidated Savings;

      c.    USC Programs, LLC, a Washington Limited Liability Company, also doing business as Mutual Consolidated Savings;

      d.    Paul Morris Thompson, individually and as an officer of MCS Programs, LLC, United Savings Center, Inc., and USC Programs, LLC; and

      e.    Miranda Cavender, individually and as a manager of MCS Programs, LLC, United Savings Center, Inc., and USC Programs, LLC, Merchant Processing, Inc.,

have engaged in and are likely to engage in acts and practices that violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and the FTC's Telemarketing Sales Rule ("TSR"),

FEDERAL TRADE COMMISSION
915 Second Ave., Su. 2896
Seattle, Washington 98174
(206) 220-6350

16 C.F.R. Part 310, and that the Commission is likely to prevail on the merits of this action.

4.     There is good cause to believe that immediate and irreparable harm will result from Defendants' ongoing violations of Section 5(a) of the Federal Trade Commission Act, 15 U.S.C. § 45(a), and the FTC's Telemarketing Sales Rule ("TSR"), 16 C.F.R. Part 310, absent entry of this Temporary Restraining Order ("Order").

5.     There is good cause to believe that immediate and irreparable damage to the Court's ability to grant effective final relief for consumers in the form of monetary redress will occur from the sale, transfer, assignment, or other disposition or concealment by Defendants of their assets or records unless they are immediately restrained and enjoined by Order of this Court.

6.     There is thus good cause for issuing this Order without prior notice to the Defendants of the Commission's application, pursuant to Federal Rule of Civil Procedure 65(b).

7.     Good cause exists for the appointment of a temporary receiver for Defendants MCS Programs, LLC; United Savings Center, Inc.; and USC Programs, LLC.

8.     Weighing the equities and considering the Commission's likelihood of success in its causes of action, this Order is in the public interest.

9.     No security is required of any agency of the United States for the issuance of a restraining order.  Fed. R. Civ. P. 65(c).

## ORDER

### Definitions

1.     **"Assets"** means any legal or equitable interest in, right to, or claim to, any real or personal property including,  but not limited to, chattel, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, mail or other deliveries, inventory, checks, notes, accounts, credits, receivables (as those terms are defined in the Uniform Commercial Code), and all cash, wherever located.

2.     **"Assisting others"** means providing any of the following goods or services to another person:  (a) serving as an officer, director, or consultant; (b) performing customer service functions, including, but not limited to, receiving or responding to customer complaints; (c) formulating or

FEDERAL TRADE COMMISSION
915 Second Ave., Su. 2896
Seattle, Washington 98174
(206) 220-6350

providing, or arranging for the formulation or provision of, any script or any other material for communicating with customers or potential customers; (d) providing names of, or assisting in the generation of contacts to, potential customers, including, but not limited to, arranging for the automated delivery of messages to potential customers; (e) performing marketing services of any kind; or (f) providing any other substantial help or aid, while knowing or consciously avoiding knowing that the person receiving assistance is engaged in an act or practice that is prohibited by this Order.

      3.    **"Clearly and conspicuously"** means:

        a.    If presented in writing, the information shall be in a type size and location sufficient for an ordinary consumer to read and comprehend it, and shall be disclosed in a manner that would be easily recognizable and understandable in language and syntax to an ordinary consumer. If the information is contained in a multi-page print document, the disclosure shall appear on the first page.

        b.    If presented orally, the information shall be disclosed in a volume, cadence and syntax sufficient for an ordinary consumer to hear and comprehend.

        c.    Nothing contrary to any information disclosed shall be imparted at or near the time of the disclosure. Further, a subsequent disclosure made orally or in writing only limits or qualifies a prior disclosure and cannot cure a false claim.

      4.    **"Consumer"** means an actual or potential purchaser or customer, regardless of whether that person is a corporation, limited liability corporation, partnership, association, other business entity, or natural person.

      5.    **"Corporate Defendants"** means MCS Programs, LLC, also d/b/a Mutual Consolidated Savings; United Savings Center, Inc, also d/b/a Mutual Consolidated Savings; and USC Programs, LLC, also d/b/a Mutual Consolidated Savings, individually, collectively, or in any combination, and each of them, by whatever names each might be known, whether acting directly or through any corporation, limited liability company, subsidiary, division, assign, agent, proxy, nominee, or other device.

      6.    **"Customer"** means any person who is or may be required to pay for goods or services offered through telemarketing.

FEDERAL TRADE COMMISSION
915 Second Ave., Su. 2896
Seattle, Washington 98174
(206) 220-6350

7.   **"Debt Reduction" Product, Service or Program** means any product, service, or program that includes:

a.   Acting or offering or attempting to act as an intermediary between a debtor and his or her creditors for the purpose of settling, negotiating, or in any way altering the interest rate or other terms of payment of any debt of a debtor, or otherwise arranging for alteration of the interest rate or other terms of payment of any debt of a debtor;

b.   Showing or purporting to show consumers how to restructure, consolidate, liquidate, accelerate, settle, or alter the terms of payment of any debt of a debtor;

c.   The receipt or scheduled receipt of a debtor's monies, or evidences thereof, for the purpose of distribution among certain specified creditors in payment, or partial payment, of the debtor's obligations; or

d.   Exercising direct or indirect control, or arranging for the exercise of such control, over funds of a consumer for the purpose of distributing payments to or among one or more creditors of the consumer in full or partial payment of the consumer's obligation.

8.   **"Defendants"** means MCS Programs, LLC, United Savings Center, Inc., USC Programs, LLC, Paul Morris Thompson, and Miranda Cavender, individually, collectively, or in any combination, and each of them, by whatever names each might be known, whether acting directly or through any corporation, limited liability company, subsidiary, division, assign, agent, proxy, nominee, or other device.

9.   **"Document"** is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a), and includes writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data compilations from which information can be obtained and translated, if necessary, through detection devices into reasonably usable form. A draft or non-identical copy is a separate document within the meaning of the term.

10.   **"Established business relationship"** means a relationship between a seller and a consumer based on: (a) the consumer's purchase, rental, or lease of the seller's goods or services or a

FEDERAL TRADE COMMISSION
915 Second Ave., Su. 2896
Seattle, Washington 98174
(206) 220-6350

financial transaction between the consumer and seller, within the eighteen months immediately preceding the date of a telemarketing call; or (b) the person's inquiry or application regarding a product or service offered by the seller, within the three months immediately preceding the date of a telemarketing call.

11.     **"Financial institution"** means any bank, savings and loan institution, credit union or any financial depository of any kind, including but not limited to any brokerage house, trustee, broker-dealer, escrow agent, title company, commodity trading company, precious metal dealer, commercial check cashing facility, or any entity or person that holds, controls, or maintains custody of any account or asset of any Defendant.

12.     **"Individual Defendants"** means Paul Morris Thompson and Miranda Cavender, individually, collectively, or in any combination, and each of them, by whatever names each might be known, whether acting directly or through any corporation, limited liability company, subsidiary, division,  assign, agent, proxy, nominee, or other device.

13.     **"Material"** means likely to affect a person's choice of, or conduct regarding, goods or services.

14.     **"National Do Not Call Registry"** means the National Do Not Call Registry maintained by the Federal Trade Commission pursuant to 16 C.F.R. § 310.4(b)(1)(iii)(B).

15.     **"Outbound telephone call"** means a telephone call initiated by a telemarketer to induce the purchase of goods or services or to solicit a charitable contribution.

16.     **"Person"** means any individual, group, unincorporated association, limited or general partnership, corporation, or other entity.

17.     **"Receiver"** means the temporary receiver appointed in this Order.  The term "Receiver" also includes any deputy receivers as may be named by the temporary receiver.

18.     **"Receivership Defendants"** means MCS Programs, LLC; United Savings Center, Inc.; and USC Programs, LLC, and their affiliates and subsidiaries, and any other corporations or businesses under the control of any of them.

FEDERAL TRADE COMMISSION
915 Second Ave., Su. 2896
Seattle, Washington 98174
(206) 220-6350

19. **"Seller"** means any person who, in connection with a telemarketing transaction, provides, offers to provide, or arranges for others to provide goods or services to the customer in exchange for consideration.

20. **"Telemarketer"** means any person who, in connection with telemarketing, initiates or receives telephone calls to or from a customer or donor.

21. **"Telemarketing"** means a plan, program, or campaign which is conducted to induce the purchase of goods or services or a charitable contribution, by use of one or more telephones and which involves more than one interstate telephone call. The term does not include the solicitation of sales through the mailing of a catalog which: contains a written description or illustration of the goods or services offered for sale; includes the business address of the seller; includes multiple pages of written material or illustrations; and has been issued not less frequently than once a year, when the person making the solicitation does not solicit customers by telephone but only receives calls initiated by customers in response to the catalog and during those calls takes orders only without further solicitation. For purposes of the previous sentence, the term "further solicitation" does not include providing the customer with information about, or attempting to sell, any other item included in the same catalog which prompted the customer's call or in a substantially similar catalog.

22. **"Telemarketing Sales Rule"** or **"Rule"** means the FTC Rule entitled "Telemarketing Sales Rule," 16 C.F.R. Part 310.

## CONDUCT PROHIBITIONS

### I. Prohibition Against Material Misrepresentations

**IT IS HEREBY ORDERED** that Defendants, their successors, assigns, officers, agents, servants, employees, and attorneys, and those persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, in connection with the advertising, marketing, promoting, offering for sale, or sale of any debt reduction product, service, or program, are hereby temporarily restrained and enjoined from misrepresenting, or assisting others in misrepresenting, expressly or by implication, orally or in writing, any fact material to a consumer's

FEDERAL TRADE COMMISSION
915 Second Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

decision to buy or accept the product, service, or program, including, but not limited to, misrepresenting that:

    A.    Consumers who purchase Defendants' products, services, or programs will have their credit card interest rates reduced substantially;

    B.    Consumers who purchase Defendants' products, services, or programs will save, in a short time, hundreds or thousands of dollars or more than they will pay for the products, services, or programs;

    C.    Consumers who purchase Defendants' products, services, or programs will be able to pay off their debt three to five times faster without increasing their monthly payments; and

    D.    Any material term, condition, or limitation of a refund, cancellation, exchange, or repurchase policy.

## II.  Prohibition Against Material Omissions

**IT IS FURTHER ORDERED** that Defendants, their successors, assigns, officers, agents, servants, employees, and attorneys, and those persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, in connection with the advertising, marketing, promoting, offering for sale, or sale of any debt reduction product, service, or program, are hereby temporarily restrained and enjoined from failing to disclose, clearly and conspicuously, prior to the time when a consumer purchases such product, service, or program from Defendants, all information material to a consumer's decision to buy the product, service, or program, including but not limited to failing to disclose the following, if true:Consumers who do not achieve the guaranteed savings as a result of Defendants negotiating reduced interest rates with consumers' creditors may be denied a full refund if the amount of savings guaranteed potentially can be achieved by following a multi-year, accelerated debt payment schedule provided to consumers by Defendants;

    A.    Defendants may impose other conditions on their refund guarantee, such as requiring the refund claim be made within a minimum or maximum period of time after the consumer was charged;

FEDERAL TRADE COMMISSION
915 Second Ave., Su. 2896
Seattle, Washington 98174
(206) 220-6350

B. Defendants may retain 12% or more of any refund requested by consumer and given by Defendants; and

C. Fees quoted to Canadian consumers are stated in U.S. Dollars.

### III. Prohibition Against Violations of the Telemarketing Sales Rule

**IT IS FURTHER ORDERED** that Defendants, their successors, assigns, officers, agents, servants, employees, and attorneys, and those persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, in connection with telemarketing, are hereby temporarily restrained and enjoined from violating or assisting others to violate any provision of the Telemarketing Sales Rule, 16 C.F.R. Part 310, including, but not limited to:

A. Making any false or misleading statement to induce any person to pay for goods or services; in violation of Sections 310.3(a)(2)(iii) and 310.3(a)(4) of the TSR, 16 C.F.R. §§ 310.3(a)(2)(iii) and 310.3(a)(4).

B. Misrepresenting, directly or by implication, any material aspect of the performance, efficacy, nature, or central characteristics of goods or services that are the subject of the sales offer, in violation of Section 310.3(a)(2)(iii) of the Rule, 16 C.F.R. § 310.3(a)(2)(iii);

C. Failing to disclose truthfully, and in a clear and conspicuous manner, before a consumer pays for goods or services, all the material terms and conditions of a refund or cancellation policy, if the seller or telemarketer has such a policy and informs the consumer about such policy, in violation of Section 310.3(a)(1)(iii) of the Rule, 16 C.F.R. § 310.3(a)(1)(iii);

D. If the seller has a policy against cancellations, refunds, exchanges, or repurchases, failing to disclose truthfully, and in a clear and conspicuous manner, before a consumer pays for goods or services, that this is the seller's policy, in violation of Section 310.3(a)(1)(iii) of the Rule, 16 C.F.R. § 310.3(a)(1)(iii);

FEDERAL TRADE COMMISSION
915 Second Ave., Su. 2896
Seattle, Washington 98174
(206) 220-6350

E. Initiating or causing a telemarketer to initiate an outbound telephone call that fails to disclose truthfully, promptly, and in a clear and conspicuous manner, the following information:

1. the identity of the seller;

2. that the purpose of the call is to sell goods or services; and

3. the nature of the goods or services,

in violation of Section 310.4(d)(1), (2), and (3) of the Rule, 16 C.F.R. § 310.4(d)(1), (2), and (3);

F. Initiating, or causing a telemarketer to initiate, an outbound telephone call that delivers a prerecorded message that fails to immediately disclose the following information:

1. the identity of the seller;

2. that the purpose of the call is to sell goods or services; and

3. the nature of the goods or services,

in violation of Section 310.4(b)(1)(v)(B)(ii) of the Rule, 16 C.F.R. § 310.4(b)(1)(v)(B)(ii);

G. Initiating, or causing a telemarketer to initiate, an outbound telephone call that delivers a prerecorded message unless, immediately following the disclosures required by paragraph F, the prerecorded message discloses:

1. in the case of a call that could be answered in person by a consumer, that the person called can use an automated interactive voice and/or keypress-activated opt-out mechanism that automatically adds the number called to the seller's entity-specific Do Not Call List and immediately disconnects the call, and

2. in the case of a call that could be answered by an answering machine or voicemail service, provides a toll-free telephone number that the consumer can call and that allows the consumer to have his or her telephone number automatically added to the seller's entity-specific Do Not Call list, that immediately thereafter disconnects the call, and that remains available

FEDERAL TRADE COMMISSION
915 Second Ave., Su. 2896
Seattle, Washington 98174
(206) 220-6350

throughout the duration of the telemarketing campaign, in violation of Section 310.4(b)(1)(v)(B)(ii)(*A-B*), 16 C.F.R. § 310.4(b)(1)(v)(B)(ii)(*A-B*);

H.  Initiating, or causing a telemarketer to initiate, an outbound telephone call to any person when that person previously has stated that he or she does not wish to receive an outbound telephone call made by or on behalf of the seller whose goods or services are being offered, in violation of Section 310.4(b)(1)(iii)(A), 16 C.F.R. § 310.4(b)(1)(iii)(A);

I.  Failing to transmit or cause to be transmitted the telephone number, and, when made available by the telemarketer's carrier, the name of the telemarketer, to any caller identification service in use by a recipient of a telemarketing call, or, alternatively, to transmit or cause to be transmitted the name of the seller on behalf of which a telemarketing call is placed and the seller's customer service telephone number, in violation of Section 310.4(a)(7), 16 C.F.R. § 310.4(a)(7); and

J.  Initiating, or causing others to initiate, an outbound telephone call to a person's telephone number on the National Do Not Call Registry, in violation of Section 310.4(b)(1)(iii)(B) of the Rule, 16 C.F.R. § 310.4(b)(1)(iii)(B).

*Provided, however*, that if the Commission promulgates rules that modify or supercede the Telemarketing Sales Rule, in whole or in part, Defendants shall comply fully and completely with all applicable requirements thereof, on and after the effective date of any such rules.

## ASSET PROVISIONS

### IV.  Asset Freeze

**IT IS FURTHER ORDERED** that:

A.  Defendants, and their successors, assigns, officers, agents, servants, employees, and attorneys, and those persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, in connection with telemarketing, are hereby temporarily restrained and enjoined from  is hereby temporarily restrained and enjoined from:

FEDERAL TRADE COMMISSION
915 Second Ave., Su. 2896
Seattle, Washington 98174
(206) 220-6350

1.    Transferring, liquidating, converting, encumbering, pledging, loaning, selling, concealing, dissipating, disbursing, assigning, spending, withdrawing, granting a lien or security interest or other interest in, or otherwise disposing of any funds, real or personal property, accounts, contracts, consumer lists (including lists of consumer names, telephone numbers, addresses, or account numbers, or other consumer data), shares of stock, or other assets, or any interest therein, wherever located, that are: (a) owned or controlled by any Defendant, in whole or in part; (b) in the actual or constructive possession of any Defendant; or (c) owned, controlled by, or in the actual or constructive possession of any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by any Defendant, including, but not limited to any assets held by or for, or subject to access by, any Defendant, at any bank or savings and loan institution, or with any broker-dealer, escrow agent, title company, commodity trading company, precious metals dealer, or other financial institution or depository of any kind;

2.    Opening or causing to be opened any safe deposit boxes titled in the name of any Defendant, or subject to access by any of them;

3.    Incurring charges or cash advances on any credit card issued in the name, singly or jointly, of any Defendant; and

4.    Incurring liens or other encumbrances on real property, personal property or other assets in the name, singly or jointly, of any Defendant.

B.    Notwithstanding the above, the Individual Defendants may, by further order of the Court or by written agreement of the Commission, pay from their personal funds reasonable, usual, ordinary, and necessary living expenses and attorney's fees.

FEDERAL TRADE COMMISSION
915 Second Ave., Su. 2896
Seattle, Washington 98174
(206) 220-6350

## V.  Retention of Assets and Documents by
## Financial Institutions and Other Third Parties

**IT IS FURTHER ORDERED** that, effective immediately upon notification of this Order by letter from Plaintiff, delivered by any means including facsimile transmission, and pending determination of Plaintiff's request for a preliminary injunction, any bank, savings and loan institution, credit union, financial institution, brokerage house, escrow agent, money market or mutual fund, title company, commodity trading company, common carrier, storage company, trustee, commercial mail receiving agency, mail holding or forwarding company, or any other person, partnership, corporation, legal or business entity, or person that holds, controls or maintains custody of any account or asset belonging to, or titled in the name of, any Defendant or belonging to, or titled in the name of, any corporation, partnership or other entity directly or indirectly owned, managed  or controlled by, in whole or in part, any Defendant, or to which they are a signatory, or which is held on behalf of, or for the benefit of, any Defendant, individually or jointly, or that has held, controlled or maintained custody of any such account or asset at any time since January 1, 2005, shall:

    A.    Prohibit Defendants and their agents, servants, employees, attorneys, and all persons or entities directly or indirectly under their control, or in common control with them, from withdrawing, removing, assigning, transferring, pledging, encumbering, disbursing, dissipating, converting, selling, or otherwise disposing of any such account or asset except:

        1.    As directed by further order of the Court; or

        2.    By written agreement of the Commission;

    B.    Maintain the status quo of any such account or asset and not withdraw, remove, assign, transfer, pledge, encumber, disburse, dissipate, convert, sell, or otherwise dispose of any such account or asset except:

        1.    As directed by further order of the Court; or

        2.    By written agreement of the Commission;

    C.    Deny Defendants and their agents, servants, employees, attorneys, and all persons or entities directly or indirectly under their control, or in common control with them,

FEDERAL TRADE COMMISSION
915 Second Ave., Su. 2896
Seattle, Washington 98174
(206) 220-6350

unless accompanied by counsel for the Federal Trade Commission, access to any safe deposit box that is:

    1.    Titled in the name of any Defendant or their affiliates or subsidiaries, either individually or jointly; or

    2.    Otherwise subject to access by any Defendant or their affiliates or subsidiaries;

D.    Provide counsel for the Commission, within five business days of receiving a copy of this Order, a sworn statement setting forth:

    1.    The identification number of each such account or asset belonging to or titled in the name of any Defendant or to which any Defendant is a signatory, or which is held on behalf of, or for the benefit of, any Defendant;

    2.    The balance of each such account, or a description of the nature and value of such asset as of the time this Order is served, and, if any asset has been removed or transferred within the last 90 days, the date removed or transferred, the total funds removed or transferred, and the name of the person or entity to whom such account or other asset was remitted; and

    3.    The identification of any safe deposit box that is titled in the name, individually or jointly, of any Defendant or is otherwise subject to access by any Defendant; and

E.    Upon the Commission's request, promptly provide the Commission with copies of all records or other documentation pertaining to such account or asset including, without limitation, originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs.

## VI.  Repatriation of Assets

**IT IS FURTHER ORDERED** that within five (5) business days following service of this Order, Defendants shall:

A.    Repatriate to the United States all funds, documents or assets in foreign countries held:

FEDERAL TRADE COMMISSION
915 Second Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

(1) by them; (2) for their benefit; or (3) under their direct or indirect control, jointly or singly;

B.  The same business day as any repatriation under Paragraph VI.A above:

    1.  notify counsel for Plaintiffs of the name and location of the financial institution or other entity that is the recipient of such funds, documents or assets; and

    2.  serve this Order on any such financial institution or other entity;

C.  Provide Plaintiffs with a full accounting of all funds, documents, and assets outside of the territory of the United States held: (1) by them; (2) for their benefit; or (3) under their direct or indirect control, jointly or singly; and

D.  Hold and retain all repatriated funds, documents, and assets and prevent any transfer, disposition or dissipation whatsoever of any such assets or funds.


## RECEIVERSHIP PROVISIONS

### VII.  Appointment of Temporary Receiver

**IT IS FURTHER ORDERED** that **Michael A. Grassmueck** is appointed Temporary Receiver for the Receivership Defendants, with the full power of an equity receiver.  The Receiver shall be the agent of this Court and solely the agent of this Court in acting as Receiver under this Order.  The Receiver shall be accountable directly to this Court.  The Receiver shall comply with all Rules of this Court governing receivers.  It is understood, given the nature of this assignment, that the Receiver may conclude that there are insufficient assets in the receivership or that other factors warrant withdrawal of the Receiver in accordance with Paragraph XVII below.


### VIII.  Access to Receivership Defendants' Business Premises

**IT IS FURTHER ORDERED** that the Receiver and his or her representatives and agents shall have immediate access to any business premises of the Receivership Defendants, and immediate access to any other location where the Receivership Defendants have conducted business and where property or business records are likely to be located. Such business premises locations specifically include, but are not limited to, the offices and facilities of one or more of the Receivership Defendants at 1215

FEDERAL TRADE COMMISSION
915 Second Ave., Su. 2896
Seattle, Washington 98174
(206) 220-6350

Earnest S. Brazill Street, Building 33, Tacoma, Washington 98405; and any storage facility the Receiver learns is being used to store records of Receivership Defendants. .

A.  The purpose of such access is to implement and carry out the Receiver's duties set forth in Paragraph IX, and to inspect and inventory all of the Receivership Defendants' property, assets and documents and inspect and copy any documents relevant to this action. The Receiver and those specifically designated by the Receiver shall have the right to remove the above-listed documents from those premises in order that they may be inspected, inventoried, and copied.

B.  In connection with gaining access to and securing the Receivership Defendants' business premises, the Receiver is authorized to use the assistance of law enforcement officers, including, without limitation, those from the Federal Bureau of Investigation and the Tacoma Police Department, as the Receiver deems necessary to effect service and to implement peacefully the provisions of this Order.

C.  The Receiver shall allow the Commission's representatives, agents, and assistants, as well as Defendants and their representatives, reasonable access to the premises of the Receivership Defendants.  The purpose of this access shall be to inspect and copy any and all books, records, accounts, and other property, including computer data, owned by or in the possession of the Receivership Defendants.

D.  The Receiver is authorized to provide continued access to the Receivership Defendants' business premises to law enforcement officers, as he deems fit; and to refer to those law enforcement officers any documents or information that may appear to be relevant to their duties.

### IX.  Receivership Duties

**IT IS FURTHER ORDERED** that the Receiver is directed and authorized to accomplish the following:

A.  Assume full control of the Receivership Defendants by removing, as the Receiver deems necessary or advisable, any director, officer, independent contractor, employee

FEDERAL TRADE COMMISSION
915 Second Ave., Su. 2896
Seattle, Washington 98174
(206) 220-6350

1    or agent of the Receivership Defendants, including any Defendant, from control of,

2    management of, or participation in, the affairs of the Receivership Defendants;

3    B.    Take exclusive custody, control, and possession of all assets and documents of, or in the

4    possession, custody or under the control of, the Receivership Defendants, wherever

5    situated, including without limitation all paper documents and all electronic data and

6    devices that contain or store electronic data including but not limited to computers,

7    laptops, data storage devices, back-up tapes, DVDs, CDs, and thumb drives and all

8    other external storage devices and, as to equipment in the possession or under the

9    control of the Individual Defendants, all PDAs, smart phones, cellular telephones, and

10   similar devices issued or paid for by Receivership Defendants.  The Receiver shall be

11   deemed to be the authorized responsible person to act on behalf of the Receivership

12   Defendants and, subject to further order of the Court, shall have the full power and

13   authority to take all corporate actions, including but not limited to, the filing of a

14   petition for bankruptcy as the authorized responsible person as to each of the

15   Receivership Defendants, dissolution of the Receivership Defendants, and sale of the

16   Receivership Defendants.  The Receiver shall have full power to divert mail and to sue

17   for, collect, receive, take in possession, hold, and manage all assets and documents of

18   the Receivership Defendants and other persons or entities whose interests are now held

19   by or under the direction, possession, custody or control of the Receivership

20   Defendants; *provided, however*, that the Receiver shall seek further authority from the

21   Court, after providing notice to the Plaintiff before attempting to collect any debt from a

22   consumer if the Receiver believes the debt was induced by unfair or deceptive practices,

23   including, without limitation, those identified by the FTC in this matter whether in the

24   Complaint or in subsequent filings;

25   C.    Take all steps necessary to secure the business premises of the Receivership Defendants

26   including, but not limited to, all such premises located at 1215 Earnest S. Brazill Street,

27   Tacoma, Washington 98405.  Such steps may include, but are not limited to, the

28   following as the Receiver deems necessary or advisable:  (1) serving this Order on any

person or entity; (2) completing a written inventory of receivership assets; (3) obtaining pertinent information from all employees and other agents of the Receivership Defendants including, but not limited to, the name, home address, social security number, job description, method of compensation, and all accrued and unpaid commissions and compensation of each such employee or agent; (4) video taping all portions of the business premises; (5) changing the locks and disconnecting any computer modems or other means of access to the computer or other records maintained at the business premises; (6) requiring any persons present on the business premises at the time this Order is served to leave the premises, to provide the Receiver with proof of identification, or to demonstrate to the satisfaction of the Receiver that such persons are not removing from the premises documents or assets of the Receivership Defendants; and (7) notwithstanding any other provision of this Order, the Receiver shall determine what constitutes reasonable access by other persons or entities to the business premises of the Receivership Defendants;

D.   Investigate, conserve, hold, and manage all receivership assets, and perform all acts necessary or advisable to preserve the value of those assets in an effort to prevent any irreparable loss, damage or injury to consumers or to creditors of the Receivership Defendants including, but not limited to, obtaining an accounting of the assets, and preventing transfer, withdrawal or misapplication of assets;

E.   Enter into contracts and purchase insurance as advisable or necessary;

F.   Prevent the inequitable distribution of assets and determine, adjust, and protect the interests of consumers and creditors who have transacted business with the Receivership Defendants;

G.   Manage and administer the business of the Receivership Defendants until further order of this Court by performing all incidental acts that the Receiver deems to be advisable or necessary, which include retaining, hiring, or dismissing any employees, independent contractors, or agents;

FEDERAL TRADE COMMISSION
915 Second Ave., Su. 2896
Seattle, Washington 98174
(206) 220-6350

H.      Choose, engage, and employ attorneys, accountants, appraisers, and other independent contractors and technical specialists (collectively, "Professionals"), as the Receiver deems advisable or necessary in the performance of duties and responsibilities under the authority granted by this Order, which Professionals shall apply for payment of fees and costs along with the Receiver and be paid from the assets of the receivership estate;

I.      Make payments and disbursements from the receivership estate that are necessary or advisable for carrying out the directions of, or exercising the authority granted by, this Order;

J.      Determine and implement the manner in which the Receivership Defendants will comply with, and prevent violations of, this Order and all other applicable laws including, but not limited to, revising sales materials and implementing monitoring procedures;

K.      Institute, compromise, adjust, defend, appear in, intervene in, or become party to such actions or proceedings in state, federal or foreign courts that the Receiver deems necessary and advisable to preserve or recover the assets of the Receivership Defendants or that the Receiver deems necessary and advisable to carry out the Receiver's mandate under this Order, including but not limited to, the filing of a petition for bankruptcy;

L.      Defend, compromise, adjust or otherwise dispose of any or all actions or proceedings instituted in the past or in the future against the Receiver in his or her role as receiver, or against the Receivership Defendants that the Receiver deems necessary and advisable to preserve the assets of the Receivership Defendants, or that the Receiver deems necessary and advisable to carry out the Receiver's mandate under this Order, all notwithstanding the Stay of Actions set forth in Paragraph XIV of this Order;

M.      Continue and conduct the business of the Receivership Defendants in such manner, to such extent, and for such duration as the Receiver may in good faith deem to be necessary and advisable to operate the business profitably and lawfully, if at all; *provided, however*, that the continuation and conduct of the business shall be

FEDERAL TRADE COMMISSION
915 Second Ave., Su. 2896
Seattle, Washington 98174
(206) 220-6350

conditioned upon the Receiver's good faith determination that the business can be

lawfully operated at a net profit using the assets of the receivership estate and without

resort to any unfair or deceptive practices including, without limitation, those identified

as such by the FTC in this matter whether in the Complaint or in subsequent filings; and

taking into account, among other things, that the fees and costs of the Receiver and the

Professionals must be paid as senior priority administrative expenses of the receivership

estate;

N.     Conduct investigations and issue subpoenas to obtain documents and records pertaining

to, or in aid of, the receivership, and conduct discovery in this action on behalf of the

receivership estate;

O.     Open one or more bank accounts in the Western District of Washington as designated

depositories for funds of the Receivership Defendants.  The Receiver shall deposit all

funds of the Receivership Defendants in such a designated account and shall make all

payments and disbursements from the receivership estate from such an account;

P.     Maintain accurate records of all receipts and expenditures that he or she makes as

Receiver; and

Q.     Cooperate with reasonable requests for information or assistance from any state or

federal law enforcement agency.

## X.  Cooperation With The Temporary Receiver

**IT IS FURTHER ORDERED** that the Defendants and all other persons or entities served with

a copy of this Order shall fully cooperate with and assist the Receiver.  This cooperation and assistance

shall include, but not be limited to, providing any information to the Receiver that the Receiver deems

necessary to exercising the authority and discharging the responsibilities of the Receiver under this

Order; providing any password required to access any computer, electronic account, or digital file or

telephonic data in any medium; turning over all accounts, files, and records including those in

possession or control of attorneys or accountants; and advising all persons who owe money to the

Receivership Defendants that all debts should be paid directly to the Receiver.  Defendants are hereby

temporarily restrained and enjoined from directly or indirectly:

FEDERAL TRADE COMMISSION
915 Second Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

A.    Transacting any of the business of the Receivership Defendants;

B.    Destroying, secreting, defacing, transferring, or otherwise altering or disposing of any documents of the Receivership Defendants including, but not limited to, books, records, accounts, writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data compilations, electronically-stored records, or any other papers of any kind or nature;

C.    Transferring, receiving, altering, selling, encumbering, pledging, assigning, liquidating, or otherwise disposing of any assets owned, controlled, or in the possession or custody of, or in which an interest is held or claimed by, the Receivership Defendants or the Receiver;

D.    Drawing on any existing line of credit available to Receivership Defendants;

E.    Excusing debts owed to the Receivership Defendants;

F.    Failing to notify the Receiver of any asset, including accounts, of the Receivership Defendants held in any name other than the name of any of the Receivership Defendants, or by any person or entity other than the Receivership Defendants, or failing to provide any assistance or information requested by the Receiver in connection with obtaining possession, custody or control of such assets;

G.    Doing any act that would, or failing to do any act which failure would, interfere with the Receiver's taking custody, control, possession, or management of the assets or documents subject to this receivership; or to harass or interfere with the Receiver in any way; or to interfere in any manner with the exclusive jurisdiction of this Court over the assets or documents of the Receivership Defendants; or to refuse to cooperate with the Receiver or the Receiver's duly authorized agents in the exercise of their duties or authority under any Order of this Court; and

H.    Filing, or causing to be filed, any petition on behalf of the Receivership Defendants for relief under the United States Bankruptcy Code, 11 U.S.C. §§ 101-1330 (2002), without prior permission from this Court.

FEDERAL TRADE COMMISSION
915 Second Ave., Su. 2896
Seattle, Washington 98174
(206) 220-6350

## XI. Delivery of Receivership Property

**IT IS FURTHER ORDERED** that:

A.   Immediately upon service of this Order upon them, or within such period as may be permitted by the Receiver, Defendants or any other person or entity shall transfer or deliver possession, custody, and control of the following to the Receiver:

1.   All assets of the Receivership Defendants, including, without limitation, bank accounts, web sites, buildings or office space owned, leased, rented, or otherwise occupied by the Receivership Defendants;

2.   All documents of the Receivership Defendants, including, but not limited to, books and records of accounts, legal files (whether held by Defendants or their counsel) all financial and accounting records, balance sheets, income statements, bank records (including monthly statements, canceled checks, records of wire transfers, and check registers), client lists, title documents, and other papers;

3.   All of the Receivership Defendants' accounting records, tax records, and tax returns controlled by, or in the possession of, any bookkeeper, accountant, enrolled agent, licensed tax preparer or certified public accountant;

4.   All loan applications made by or on behalf of Receivership Defendants and supporting documents held by any type of lender including, but not limited to, banks, savings and loans, thrifts or credit unions;

5.   All assets belonging to members of the public now held by the Receivership Defendants; and

6.   All keys and codes necessary to gain or secure access to any assets or documents of the Receivership Defendants including, but not limited to, access to their business premises, means of communication, accounts, computer systems or other property;

B.   In the event any person or entity fails to deliver or transfer any asset or otherwise fails to comply with any provision of this Paragraph, the Receiver may file *ex parte* an Affidavit of Non-Compliance regarding the failure. Upon filing of the affidavit, the

FEDERAL TRADE COMMISSION
915 Second Ave., Su. 2896
Seattle, Washington 98174
(206) 220-6350

Court may authorize, without additional process or demand, Writs of Possession or Sequestration or other equitable writs requested by the Receiver. The writs shall authorize and direct the United States Marshal or any sheriff or deputy sheriff of any county, or any other federal or state law enforcement officer, to seize the asset, document or other thing and to deliver it to the Receiver.

### XII.  Transfer of Funds to the Temporary Receiver

**IT IS FURTHER ORDERED** that, upon service of a copy of this Order, all banks, broker-dealers, savings and loans, escrow agents, title companies, leasing companies, landlords, ISOs, credit and debit card processing companies, insurance agents, insurance companies, commodity trading companies or any other person, including relatives, business associates or friends of the Defendants, or their subsidiaries or affiliates, holding assets of the Receivership Defendants or in trust for Receivership Defendants shall cooperate with all reasonable requests of the Receiver relating to implementation of this Order, including freezing and transferring funds at his or her direction and producing records related to the assets of the Receivership Defendants.

### XIII.  Collection of Receivership Defendants' Mail

**IT IS FURTHER ORDERED** that:

A.  The Individual Defendants are hereby restrained and enjoined from opening mail addressed to any of the Receivership Defendants, including but not limited to such mail at the following address:

1215 Earnest S. Brazill Street, Bldg. 33, Tacoma, WA 98405

and any address used by either of the Individual Defendants;

B.  The Receiver is authorized to open all such mail addressed to any Receivership Defendant.

C.  Any funds enclosed in any mail shall be maintained and accounted for by the Receiver until further order by the Court.

D.  An Individual Defendant who receives such mail addressed to any Receivership Defendant shall promptly deliver it to the Receiver.

FEDERAL TRADE COMMISSION
915 Second Ave., Su. 2896
Seattle, Washington 98174
(206) 220-6350

The Receiver shall forward unopened all mail that he or she receives on behalf of the Receivership Defendant that is addressed solely to an Individual Defendant to the  Individual Defendant at his or her last known address.

## XIV.  Stay of Actions

**IT IS FURTHER ORDERED** that:

A.    Except by leave of this Court, during pendency of the receivership ordered herein, Defendants and all other persons and entities aside from the Receiver are hereby stayed from taking any action to establish or enforce any claim, right, or interest for, against, on behalf of, in, or in the name of, the Receivership Defendants, any of their partnerships, assets, documents, or the Receiver or the Receiver's duly authorized agents acting in their capacities as such, including, but not limited to, the following actions:

1.    Commencing, prosecuting, continuing, entering, or enforcing any suit or proceeding, except that such actions may be filed to toll any applicable statute of limitations;

2.    Accelerating the due date of any obligation or claimed obligation; filing or enforcing any lien; taking or attempting to take possession, custody or control of any asset; attempting to foreclose, forfeit, alter or terminate any interest in any asset, whether such acts are part of a judicial proceeding or are acts of self-help or  otherwise;

3.    Executing, issuing, serving or causing the execution, issuance or service of, any legal process  including, but not limited to, attachments, garnishments, subpoenas, writs of replevin, writs of execution, or any other form of process whether specified in this Order or not; and

4.    Doing any act or thing whatsoever to interfere with the Receiver taking custody, control, possession, or management of the assets or documents subject to this receivership, or to harass or interfere with the Receiver in any way, or to

FEDERAL TRADE COMMISSION
915 Second Ave., Su. 2896
Seattle, Washington 98174
(206) 220-6350

1    interfere in any manner with the exclusive jurisdiction of this Court over the

2    assets or documents of the Receivership Defendants;

3    B.    This Paragraph does not stay:

4         1.    The commencement or continuation of a criminal action or proceeding;

5         2.    The commencement or continuation of an action or proceeding by a

6              governmental unit, including without limitation the Federal Trade Commission,

7              to enforce such governmental unit's police or regulatory power;

8         3.    The enforcement of a judgment, other than a money judgment, obtained in an

9              action or proceeding by a governmental unit to enforce such governmental unit's

10             police or regulatory power;

11        4.    The issuance to the Receivership Defendants of a notice of tax deficiency; and

12   C.    Except as otherwise provided in this Order, all persons and entities in need of

13        documentation from the Receiver shall in all instances first attempt to secure such

14        information by submitting a formal written request to the Receiver, and, if such request

15        has not been responded to within 30 days of receipt by the Receiver, any such person or

16        entity may thereafter seek an Order of this Court with regard to the relief requested.

17   **XV.  Compensation of Temporary Receiver**

18   **IT IS FURTHER ORDERED** that the Receiver and his or her Professionals and all personnel

19   hired by the Receiver as herein authorized, including counsel to the Receiver and accountants, are

20   entitled to reasonable compensation for the performance of duties pursuant to this Order and for the

21   cost of actual out-of-pocket expenses incurred by them, which compensation shall be derived

22   exclusively from the assets now held by, or in the possession or control of, or which may be received

23   by the Receivership Defendants or which are otherwise recovered by the Receiver.  The Receiver and

24   Professionals shall file with the Court and serve on the parties statements on a monthly basis, which

25   shall include a description of all services provided and expenses incurred, with the first such statement

26   filed no later than 30 days after the date of this Order.  If no objection to the fees and expenses in the

27   statements is filed with the Court by any party within 14 days of service of the statements, then the

28   Receiver shall be authorized to pay such statements on an interim basis, with final approval thereof to

FEDERAL TRADE COMMISSION
915 Second Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

be reserved until the closing of the case. The Receiver shall not increase the hourly rates used as the bases for such fee applications without prior approval of the Court.

### XVI. Temporary Receiver's Bond/Liability

**IT IS FURTHER ORDERED** that no bond shall be required in connection with the appointment of the Receiver. Except for an act of gross negligence, the Receiver and the Professionals shall not be liable for any loss or damage incurred by any of the Defendants, their officers, agents, servants, employees and attorneys or any other person, by reason of any act performed or omitted to be performed by the Receiver and the Professionals in connection with the discharge of his or her duties and responsibilities, including but not limited to their withdrawal from the case under Paragraph XVII.

### XVII. Withdrawal of Temporary Receiver

**IT IS FURTHER ORDERED** that the Receiver and any Professional retained by the Receiver, including but not limited to his or her attorneys and accountants, be and are hereby authorized to withdraw from their respective appointments or representations and apply for payment of their professionals fees and costs at any time after the date of this Order, for any reason in their sole and absolute discretion, by sending written notice seven (7) days prior to the date of the intended withdrawal to the Court and to the parties along with a written report reflecting the Receiver's work, findings, and recommendations, as well as an accounting for all funds and assets in possession or control of the Receiver. The Receiver and Professionals shall be relieved of all liabilities and responsibilities, and the Receiver shall be exonerated and the receivership deemed closed seven (7) days from the date of the mailing of such notice of withdrawal. The Court will retain jurisdiction to consider the fee applications, report, and accounting submitted by the Receiver and the Professionals. The written notice shall include an interim report indicating the Receiver's actions and reflect the knowledge gained along with the fee applications of the Receiver and his or her Professionals. The report shall also contain the Receiver's recommendations, if any.

### DEFENDANTS' REPORTING AND RELATED OBLIGATIONS

### XVIII. Financial Reports and Accounting

**IT IS FURTHER ORDERED** that, within five business days following the service of this Order:

FEDERAL TRADE COMMISSION
915 Second Ave., Su. 2896
Seattle, Washington 98174
(206) 220-6350

A. Each Individual Defendant shall prepare and deliver to counsel for the Commission a completed financial statement on the form captioned "Financial Statement of Individual Defendant," which is attached to this Order as Attachment A;

B. Unless otherwise agreed upon with Counsel for the Commission and the Receiver, Defendants Paul Morris Thompson and Miranda Cavender shall also prepare and deliver to counsel for the Commission a completed financial statement on the form captioned "Financial Statement of Corporate Defendant," which is attached to this Order as Attachment B, for each Corporate Defendant, and for each business entity owned, controlled or managed by an Individual Defendant, regardless of whether that business entity is a defendant in this case. The financial statements shall be accurate as of the date and time of entry of this Order; and

C. Each Defendant shall also prepare and deliver to counsel for the Commission:

   1. A completed statement, verified under oath:

      a. specifying the name and address of each financial institution and brokerage firm at which the Defendant has accounts or safe deposit boxes. Said statements shall include assets held in foreign as well as domestic accounts; and

      b. listing all person who have received payments, transfers, or assignment of funds, assets, or property which total $10,000 or more in any twelve-month period since January 1, 2005. This list shall specify: (a) the amount(s) transferred or assigned; (b) the name of each transferee or assignee; (c) the date of the assignment or transfer; and (d) the type and amount of consideration paid to the Defendant;

   2. For all goods and services advertised, marketed, promoted, offered for sale, distributed, or sold by the Defendant, a detailed accounting, verified under oath, of:

FEDERAL TRADE COMMISSION
915 Second Ave., Su. 2896
Seattle, Washington 98174
(206) 220-6350

        a.      all gross revenues obtained from the sale or distribution of each such product or service (broken down by month and year) from January 1, 2005, through the date of the issuance of this Order;

        b.      all net profits obtained from the sale or distribution of each such product or service (broken down by month and year) from January 1, 2005, through the date of the issuance of this Order;

        c.      the total amount of each such product sold or distributed (broken down by month and year) from January 1, 2005, through the date of the issuance of this Order; and

        d.      the full names, addresses, and telephone numbers of all purchasers or recipients of each such product, and the amount paid by each from January 1, 2005, through the date of the issuance of this Order; and

D.      The Defendants shall each provide the Commission access to records and documents pertaining to Defendants that are held by financial institutions outside the territory of the United States by signing the "Consent to Release of Financial Records," which is attached to this Order as Attachment C.

## XIX.  Preserving and Keeping Records / Business Operations

**IT IS FURTHER ORDERED** that Defendants are hereby temporarily restrained and enjoined from:

A.      Failing to create and maintain documents that, in reasonable detail, accurately, fairly, and completely reflect their incomes, disbursements, transactions, and use of money, beginning as of the date and time of effective service of this Order;

B.      Failing to make and keep books, records, accounts, bank statements, current accountants' reports, general ledgers, general journals, cash receipt ledgers, cash disbursement ledgers and source documents, documents indicating title to real or personal property, and any other data which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of Defendants;

FEDERAL TRADE COMMISSION
915 Second Ave., Su. 2896
Seattle, Washington 98174
(206) 220-6350

C.    Destroying, erasing, mutilating, concealing, altering, transferring, or otherwise

disposing of, in any manner, directly or indirectly, any documents that relate to the

business practices or business or personal finances of Defendants, or to the business

practices or finances of entities directly or indirectly under the control, in whole or in

part, of Defendants, including, without limitation, books, records, tapes, discs,

accounting data, checks (fronts and backs), correspondence, forms, advertisements,

brochures, manuals, electronically stored data, banking records, customer lists,

customer files, invoices, telephone records, ledgers, payroll records, or other documents

of any kind, including information stored in computer-maintained form, in their

possession, custody or control; and

D.    Creating, operating or exercising any control over any business entity, including any

partnership, limited partnership, joint venture, sole proprietorship or corporation,

without first providing the Commission with a written statement disclosing:  (1) the

name of the business entity; (2) the address and telephone number of the business

entity; (3) the names of the business entity's officers, directors, principals, managers,

and employees; and (4) a detailed description of the business entity's intended activities.

## XX.  Distribution of Order by Defendants

**IT IS FURTHER ORDERED** that Defendants shall immediately provide a copy of this Order

to each affiliate, partner, division, sales entity, successor, assign, employee, independent contractor,

agent, payment processor, attorney, and representative, of Defendants and shall, within ten days from

the date of entry of this Order, serve upon counsel for the Commission a sworn statement that they

have complied with this provision of the Order, which statement shall include the names and addresses

of each such person or entity who received a copy of the Order.

## ORDER TO SHOW CAUSE AND MISCELLANEOUS PROVISIONS

## XXI.  Order to Show Cause

**IT IS FURTHER ORDERED** pursuant to Federal Rule of Civil Procedure 65(b) that

Defendants shall appear before this Court, Courtroom B, U.S. Courthouse, 1717 Pacific Avenue,

Tacoma, Washington, on the **6**th day of **July,** 2009, at **10:30** o'clock a.m. (PDT), to show cause, if there

FEDERAL TRADE COMMISSION
915 Second Ave., Su. 2896
Seattle, Washington 98174
(206) 220-6350

is any, why this Court should not enter a preliminary injunction, pending final ruling on the Complaint against Defendants, enjoining them from further violations of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and the FTC's Telemarketing Sales Rule ("TSR"), 16 C.F.R. Part 310, continuing the freeze of their assets, continuing the receivership, and imposing such additional relief as may be appropriate.

## XXII.  Limited Expedited Discovery

**IT IS FURTHER ORDERED** that pursuant to Federal Rules of Civil Procedure 30(a), 31(a), 34, and 45, Plaintiff and the Receiver are granted leave, at any time after service of this Order, to**:**

A.      Take the deposition, including depositions upon forty-eight hours' written notice, of any person, whether or not a party, for the purpose of discovering the nature, location, status, and extent of assets of Defendants or of their affiliates or subsidiaries; the nature and location of documents reflecting the business transactions of Defendants; the whereabouts of Defendants; and the applicability of any evidentiary privileges to this action.  The limitations and conditions set forth in Fed. R. Civ. P. 30(a)(2)(B) and 31(a)(2)(B) regarding subsequent depositions of an individual shall not apply to depositions taken pursuant to this Paragraph.  Any such depositions taken pursuant to this Paragraph shall not be counted toward the ten-deposition limit set forth in Fed. R. Civ. P. 30(a)(2)(A) and 31(a)(2)(A).  Service of discovery upon a party, taken pursuant to this Paragraph, shall be sufficient if made by facsimile or by overnight delivery; and

B.      Demand the production of documents, on five days' notice, from any person, whether or not a party, relating to the nature, status or extent of assets of Defendants or of their affiliates or subsidiaries; the location of documents reflecting the business transactions of Defendants; the whereabouts of Defendants; and the applicability of any evidentiary privileges to this action; *provided* that 24 hours' notice shall be deemed sufficient for the production of any such documents that are maintained or stored as electronic data.

## XXIII.  Service of Order

**IT IS FURTHER ORDERED** that copies of this Order may be served by any means, including facsimile transmission, upon any financial institution, or other entity or person that may have possession, custody, control or knowledge of any documents or assets of any Defendant or any other

FEDERAL TRADE COMMISSION
915 Second Ave., Su. 2896
Seattle, Washington 98174
(206) 220-6350

entity or person that may otherwise be subject to any provision of this Order.  Service without Attachments shall effect service of the Order.  Service upon any branch or office of any financial institution shall effect service upon the entire financial institution.

### XXIV.  Credit Reports

**IT IS FURTHER ORDERED** that pursuant to Section 604(a)(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(a)(1), any consumer reporting agency served with this Order shall promptly furnish credit reports concerning a Defendant to the FTC and the Receiver.

### XXV.  Duration of Temporary Restraining Order

**IT IS FURTHER ORDERED** that this Order shall expire on July 6, 2009, unless within such time the Order, for good cause shown, is extended for an additional period not to exceed ten days, or unless it is further extended with the consent of the parties.

### XXVI.  Service of Documents and Evidence

**IT IS FURTHER ORDERED** that Defendants, in responding to this Court's Order to Show Cause, shall serve all memoranda, affidavits, and other evidence on which they intend to rely not later than 4:00 p.m. (PDT) of the fourth day prior to the preliminary injunction hearing set in this matter. Service on the Commission shall be performed by personal delivery, or confirmed facsimile delivery, to Maxine R. Stansell and Eleanor Durham, at the following address:  Federal Trade Commission, 915 Second Ave., Suite 2896, Seattle, WA 98174, (206) 220-6366 (fax number).  The Commission may serve and file a supplemental memorandum of points and authorities based on evidence discovered subsequent to the filing of its Complaint by no later than 4:00 p.m. (PDT) of the fourth day prior to the preliminary injunction hearing, and may serve and file a reply to Defendants' opposition by no later than 4:00 p.m. (PDT) on the day prior to the preliminary injunction hearing.

### XXVII.  No Examination of Witnesses

**IT IS FURTHER ORDERED** that there will be no direct examination of witnesses at the preliminary injunction hearing in this matter.

FEDERAL TRADE COMMISSION
915 Second Ave., Su. 2896
Seattle, Washington 98174
(206) 220-6350

## XXVIII.  Retention of Jurisdiction

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for all purposes.

**SO ORDERED.**


DATED this 26th day of June, 2009.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE


Presented by:

DAVID C. SHONKA
Acting General Counsel

CHARLES A. HARWOOD
Regional Director


/s/ Maxine R. Stansell
MAXINE R. STANSELL, WSBA No. 9418
ELEANOR DURHAM, Member, Maryland Bar
Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

FEDERAL TRADE COMMISSION
915 Second Ave., Su. 2896
Seattle, Washington 98174
(206) 220-6350