UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | Civil No.  C09-5380RBL |
| Plaintiff, | **STIPULATED PRELIMINARY INJUNCTION AND ORDER FOR OTHER EQUITABLE RELIEF** |
| v. | |
| MCS PROGRAMS, LLC, *et al.,* | |
| Defendants. | |

Plaintiff, the Federal Trade Commission ("FTC"), pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57b, and the Telemarketing and Consumer Fraud and Abuse Prevention Act ("Telemarketing Act"), 15 U.S.C. §§ 6101-6108, filed its Complaint for Injunctive and Other Equitable Relief, and an *Ex Parte* Application for Temporary Restraining Order, with Asset Freeze, Appointment of a Receiver, Order Granting Immediate Access, Order Permitting Limited Expedited Discovery, and Order to Show Cause Why Preliminary Injunction Should Not Issue, and Supporting Memorandum ("Application for TRO"), pursuant to Rule 65 of the Federal Rules of Civil Procedure.  On June 26, 2009, this Court granted Plaintiff's *Ex Parte* Application for TRO and entered a Temporary Restraining Order ("TRO") with an Order to Show Cause Why a Preliminary Injunction Should Not Issue against Defendants MCS Programs, LLC, United Savings Center, Inc., USC Programs, LLC, Paul Morris Thompson, and Miranda Cavender (hereinafter "Defendants").  All Defendants were served with the Summons, Complaint, TRO, and other related papers filed in this action on June 29, 2009.

FEDERAL TRADE COMMISSION
915 Second Ave., Su. 2896
Seattle, Washington 98174
(206) 220-6350

# FINDINGS

This Court, having considered the pleadings, declarations, exhibits, and memoranda of law filed herein, as well as the argument of counsel for the parties, finds as follows:

1.     This is an action by the FTC under Sections 13(b) and 19 of the FTC Act, 15 U.S.C. §§ 53(b) and 57b.  Pursuant to these sections, the FTC has authority to seek the relief contained herein.

2.     The FTC's Complaint states claims upon which relief may be granted against Defendants under Sections 5(a), 13(b), and 19 of the FTC Act, 15 U.S.C. §§ 45(a), 53(b), and 57b, and the Telemarketing Act, 15 U.S.C. §§ 6101-08.

3.     This Court has jurisdiction over the subject matter of this case and all the parties hereto.

4.     Venue in the Western District of Washington and service of process are proper.

5.     The acts and practices of the Defendants are in or affecting commerce, as defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

6.     This Court has the authority to grant a preliminary injunction and other appropriate relief pursuant to Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), and Rule 65 of the Federal Rules of Civil Procedure.

7.     Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), authorizes the issuance of such preliminary relief upon a proper showing that, weighing the equities and considering the FTC's likelihood of ultimate success, such action would be in the public interest.

8.     Section 5(a) of the FTC Act prohibits deceptive acts and practices in or affecting commerce.  To be deceptive, an act or practice must be one that is likely to mislead consumers acting reasonably under the circumstances, and is material.  *FTC v. Stefanchik,* 559 F.3d 924, 928 (9th Cir. 2009); *FTC v. Cyberspace.com, LLC,* 453 F.3d 1196, 1199-1200 (9th Cir. 2006).

9.     Section 310.3(a)(2)(iii) of the Telemarketing Sales Rule ("TSR") prohibits sellers and telemarketers from misrepresenting, directly or by implication, in the sale of goods or services, any material aspect of the performance, efficacy, nature, or central characteristics of the goods or services that are the subject of a sales offer.  16 C.F.R. § 310.3(a)(2)(iii).  All Defendants are "sellers" and "telemarketers" engaged in "telemarketing" as those terms are defined in the TSR.  16 C.F.R. § 310.2(z), (bb), and (cc).

FEDERAL TRADE COMMISSION
915 Second Ave., Su. 2896
Seattle, Washington 98174
(206) 220-6350

10.     The TSR also prohibits sellers and telemarketers from failing to disclose truthfully in a clear and conspicuous manner, before a customer pays for goods or services, the total purchase cost and, if the seller or telemarketer makes a representation about a refund or cancellation policy, a statement of all material terms and conditions of such policy.  16 C.F.R. § 310.3(a)(1)(i) and (iii).

11.     The TSR requires telemarketers in an outbound telephone call to disclose truthfully, promptly, and in a clear and conspicuous manner, the following information:

      i.     The identity of the seller;

      ii.     That the purpose of the call is to sell goods or services; and

      iii.     The nature of the goods or services.

16 C.F.R. § 310.4(d)(1), (2), and (3).  In addition, since December 1, 2008, the TSR has prohibited a telemarketer from engaging, and a seller from causing a telemarketer to engage, in initiating an outbound telephone call that delivers a prerecorded message unless the message discloses the information described in i-iii above truthfully, promptly, and in a clear and conspicuous manner. 16 C.F.R. § 310.4(b)(1)(v)(B)(*ii*).

12.     The TSR also prohibits sellers and telemarketers from initiating an outbound telephone call to any person when that person previously has stated that he or she does not wish to receive an outbound telephone call made by or on behalf of the seller whose goods or services are being offered. 16 C.F.R. § 310.4(b)(1)(iii)(A).

13.     Since December 1, 2008, the TSR has prohibited a telemarketer from engaging, and a seller from causing a telemarketer to engage, in initiating an outbound telephone call that delivers a prerecorded message unless, immediately following the disclosures described in paragraph 11, the prerecorded message discloses how the person called can assert a Do Not Call request pursuant to 16 C.F.R. § 310.4(b)(1)(iii)(A).  The disclosure must state that the person called can assert the request by using:

      i.     an automated interactive voice and/or keypress-activated opt-out mechanism, in the case of a call that could be answered in person by a consumer; or

      ii.     a toll-free telephone number, in the case of a call that could be answered by an answering machine or voicemail service.  The toll-free number must connect

FEDERAL TRADE COMMISSION
915 Second Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

directly to an automated interactive voice or keypress-activated opt-out mechanism.

In either case, the opt-out mechanism must automatically add the number called to the seller's entity-specific Do Not Call list and immediately disconnect the call once invoked. In the case of a call that could be answered in person, the opt-out mechanism must be available for use at any time during the message, and in the case of a call that could be answered by an answering machine or voicemail service, the opt-out mechanism must be accessible at any time throughout the duration of the telemarketing campaign. 16 C.F.R. § 310.4(b)(1)(v)(B)(ii)*(A)-(B)*.

14.     In addition, the TSR, as amended in 2003, establishes a "do-not-call" registry (the "National Do Not Call Registry" or "Registry"), maintained by the FTC, of consumers who do not wish to receive certain types of telemarketing calls. Consumers can register their telephone numbers on the Registry without charge either through a toll-free telephone call or over the Internet at *www.donotcall.gov.* Since October 17, 2003, sellers and telemarketers have been prohibited from calling numbers on the Registry. 16 C.F.R. § 310.4(b)(1)(iii)(B).

15.     Since January 29, 2004, sellers and telemarketers have been required to transmit or cause to be transmitted the telephone number, and, when made available by the telemarketer's carrier, the name of the telemarketer, to any caller identification service in use by a recipient of a telemarketing call, or, alternately, to transmit or cause to be transmitted the name of the seller on behalf of which a telemarketing call is placed and the seller's customer service telephone number. 16 C.F.R. § 310.4(a)(7).

16.     Pursuant to Section 3(c) of the Telemarketing Act, 15 U.S.C. § 6102(c) and Section 18(d)(3) of the FTC Act, 15 U.S.C. § 57a(d)(3), a violation of the TSR constitutes an unfair or deceptive act or practice in or affecting commerce, in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

17.     There is good cause to believe that Defendants MCS Programs, LLC, doing business as Mutual Consolidated Savings, United Savings Center, Inc., doing business as Mutual Consolidated Savings, USC Programs, LLC, doing business as Mutual Consolidated Savings, Paul Morris Thompson, and Miranda Cavender, have engaged in, and are likely to engage in, acts and practices that

FEDERAL TRADE COMMISSION
915 Second Ave., Su. 2896
Seattle, Washington 98174
(206) 220-6350

violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and the TSR, 16 C.F.R. Part 310, and that the FTC is therefore likely to prevail on the merits of this action.

18.     There is good cause to believe that, unless Defendants are preliminarily restrained and enjoined by Order of this Court, substantial consumer injury will result from Defendants' ongoing violations of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and the TSR, 16 C.F.R. Part 310.

19.     There is good cause to believe that immediate and irreparable damage to the Court's ability to grant effective final relief for consumers in the form of monetary redress will occur from the sale, transfer, assignment, or other disposition or concealment by Defendants of their assets or records unless they are immediately restrained and enjoined by Order of this Court.

20.     Good cause exists for continuing the appointment of Michael A. Grassmueck as receiver for Defendants MCS Programs, LLC; United Savings Center, Inc.; and USC Programs, LLC.

21.     Weighing the equities and considering the FTC's likelihood of ultimate success, entry of this Order is in the public interest.

## ORDER

### Definitions

1.     **"Assets"** means any legal or equitable interest in, right to, or claim to, any real or personal property including, but not limited to, chattel, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, mail or other deliveries, inventory, checks, notes, accounts, credits, receivables (as those terms are defined in the Uniform Commercial Code), and all cash, wherever located.

2.     **"Assisting others"** means providing any of the following goods or services to another person:  (a) serving as an officer, director, or consultant; (b) performing customer service functions, including, but not limited to, receiving or responding to customer complaints; (c) formulating or providing, or arranging for the formulation or provision of, any script or any other material for communicating with customers or potential customers; (d) providing names of, or assisting in the generation of contacts to, potential customers, including, but not limited to, arranging for the automated delivery of messages to potential customers; (e) performing marketing services of any kind;

FEDERAL TRADE COMMISSION
915 Second Ave., Su. 2896
Seattle, Washington 98174
(206) 220-6350

or (f) providing any other substantial help or aid, while knowing or consciously avoiding knowing that the person receiving assistance is engaged in an act or practice that is prohibited by this Order.

3. **"Clearly and conspicuously"** means:

a.   If presented in writing, the information shall be in a type size and location sufficient for an ordinary consumer to read and comprehend it, and shall be disclosed in a manner that would be easily recognizable and understandable in language and syntax to an ordinary consumer. If the information is contained in a multi-page print document, the disclosure shall appear on the first page.

b.   If presented orally, the information shall be disclosed in a volume, cadence and syntax sufficient for an ordinary consumer to hear and comprehend.

c.   Nothing contrary to any information disclosed shall be imparted at or near the time of the disclosure. Further, a subsequent disclosure made orally or in writing only limits or qualifies a prior disclosure and cannot cure a false claim.

4. **"Consumer"** means an actual or potential purchaser or customer, regardless of whether that person is a corporation, limited liability corporation, partnership, association, other business entity, or natural person.

5. **"Customer"** means any person who is or may be required to pay for goods or services offered through telemarketing.

6. **"Debt Reduction" Product, Service, or Program** means any product, service, or program that includes:

a.   Acting, offering to act, or attempting to act, as an intermediary between a debtor and his or her creditors for the purpose of settling, negotiating, or in any way altering the interest rate or other terms of payment of any debt, or otherwise arranging for alteration of the interest rate or other terms of payment of any debt;

b.   Showing, or purporting to show, consumers how to restructure, consolidate, liquidate, accelerate, settle, or alter the terms of payment of any debt;

FEDERAL TRADE COMMISSION
915 Second Ave., Su. 2896
Seattle, Washington 98174
(206) 220-6350

c.    Representing that the consumer can achieve savings in any form on any debt or relief in any form from any debt;

d.    The receipt or scheduled receipt of a debtor's monies, or evidences thereof, for the purpose of distribution among certain specified creditors in payment, or partial payment, of the debtor's obligations; or

e.    Exercising direct or indirect control, or arranging for the exercise of such control, over funds of a consumer for the purpose of distributing payments to, or among, one or more creditors of the consumer in full or partial payment of the consumer's obligation.

7.    **"Defendant"** or **"Defendants"** means MCS Programs, LLC, United Savings Center, Inc., USC Programs, LLC, Paul Morris Thompson, and Miranda Cavender, and each of them, by whatever names each might be known, and their successors and assigns.

8.    **"Document"** is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a), and includes writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data compilations from which information can be obtained and translated, if necessary, through detection devices into reasonably usable form. A draft or non-identical copy is a separate document within the meaning of the term.

9.    **"Established business relationship"** means a relationship between a seller and a consumer based on: (a) the consumer's purchase, rental, or lease of the seller's goods or services or a financial transaction between the consumer and seller, within the eighteen months immediately preceding the date of a telemarketing call; or (b) the person's inquiry or application regarding a product or service offered by the seller, within the three months immediately preceding the date of a telemarketing call.

10.    **"Financial institution"** means any bank, savings and loan institution, credit union or any financial depository of any kind, including but not limited to any brokerage house, trustee, broker-dealer, escrow agent, title company, commodity trading company, precious metal dealer, commercial check cashing facility, or any entity or person that holds, controls, or maintains custody of any account or asset of any Defendant.

FEDERAL TRADE COMMISSION
915 Second Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

11. **"Individual Defendants"** means Paul Morris Thompson and Miranda Cavender and each of them, by whatever names each might be known, and their successors and assigns.

12. **"Material"** means likely to affect a person's choice of, or conduct regarding, goods or services.

13. **"National Do Not Call Registry"** means the National Do Not Call Registry maintained by the FTC pursuant to 16 C.F.R. § 310.4(b)(1)(iii)(B).

14. **"Outbound telephone call"** means a telephone call initiated by a telemarketer to induce the purchase of goods or services or to solicit a charitable contribution.

15. **"Person"** means any individual, group, unincorporated association, limited or general partnership, corporation, or other entity.

16. **"Receiver"** means Michael A. Grassmueck or any subsequent Receiver who may be appointed by this Court. The term "Receiver" also includes any deputy receivers as may be named by the Receiver.

17. **"Receivership Defendants"** means MCS Programs, LLC; United Savings Center, Inc.; and USC Programs, LLC, and their affiliates and subsidiaries, and any other corporations or businesses under the control of any of them.

18. **"Seller"** means any person who, in connection with a telemarketing transaction, provides, offers to provide, or arranges for others to provide goods or services to the customer in exchange for consideration.

19. **"Telemarketer"** means any person who, in connection with telemarketing, initiates or receives telephone calls to or from a customer or donor.

20. **"Telemarketing"** means a plan, program, or campaign which is conducted to induce the purchase of goods or services or a charitable contribution, by use of one or more telephones and which involves more than one interstate telephone call.

21. **"Telemarketing Sales Rule"** or **"Rule"** means the FTC Rule entitled "Telemarketing Sales Rule," 16 C.F.R. Part 310.

FEDERAL TRADE COMMISSION
915 Second Ave., Su. 2896
Seattle, Washington 98174
(206) 220-6350

# CONDUCT PROHIBITIONS

## I.  Prohibition Against Material Misrepresentations

**IT IS THEREFORE ORDERED** that Defendants, their officers, agents, servants, employees, attorneys, and all other persons who are in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, or any of them, in connection with the advertising, marketing, promoting, offering for sale, or sale of any debt reduction product, service, or program, are hereby preliminarily restrained and enjoined from misrepresenting, or assisting others in misrepresenting, expressly or by implication, orally or in writing, any fact material to a consumer's decision to buy or accept the product, service, or program, including, but not limited to, misrepresenting the following:

A.    That consumers who purchase Defendants' products, services, or programs will have their credit card interest rates reduced substantially;

B.    That consumers who purchase Defendants' products, services, or programs will save, in a short time, hundreds or thousands of dollars or, at any rate, more than they will pay for the products, services, or programs;

C.    That consumers who purchase Defendants' products, services, or programs will be able to pay off their debt three to five times faster without increasing their monthly payments; and

D.    Any material term, condition, or limitation of a refund, cancellation, exchange, or repurchase policy.

## II.  Prohibition Against Material Omissions

**IT IS FURTHER ORDERED** that Defendants, their officers, agents, servants, employees, attorneys, and all other persons who are in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, or any of them, in connection with the advertising, marketing, promoting, offering for sale, or sale of any debt reduction product, service, or program, are hereby preliminarily restrained and enjoined from failing to disclose, clearly and

FEDERAL TRADE COMMISSION
915 Second Ave., Su. 2896
Seattle, Washington 98174
(206) 220-6350

conspicuously, prior to the time when a consumer purchases such product, service, or program from Defendants, all information material to a consumer's decision to buy the product, service, or program, including but not limited to failing to disclose the following, if true:

A.   Consumers who do not achieve the guaranteed savings as a result of Defendants negotiating reduced interest rates with consumers' creditors may be denied a full refund if the amount of savings guaranteed potentially can be achieved by following a multi-year, accelerated debt payment schedule provided to consumers by Defendants;

B.   Defendants may impose other conditions on their refund guarantee, such as requiring the refund claim be made within a minimum or maximum period of time after the consumer was charged;

C.   Defendants may retain 12% or more of any refund requested by consumer and granted by Defendants; and

D.   Fees quoted to Canadian consumers are stated in U.S. Dollars.

### III.  Prohibition Against Violations of the Telemarketing Sales Rule

**IT IS FURTHER ORDERED** that Defendants, their officers, agents, servants, employees, attorneys, and all other persons who are in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, or any of them, in connection with the advertising, marketing, promoting, offering for sale, or sale of any debt reduction product, service, or program, are hereby preliminarily restrained and enjoined from violating or assisting others to violate any provision of the Telemarketing Sales Rule, 16 C.F.R. Part 310, including, but not limited to:

A.   Making any false or misleading statement to induce any person to pay for goods or services, in violation of Sections 310.3(a)(2)(iii) and 310.3(a)(4) of the Rule, 16 C.F.R. §§ 310.3(a)(2)(iii) and 310.3(a)(4);

B.   Misrepresenting, directly or by implication, any material aspect of the performance, efficacy, nature, or central characteristics of goods or services that are the subject of the sales offer, in violation of Section 310.3(a)(2)(iii) of the Rule, 16 C.F.R. § 310.3(a)(2)(iii);

FEDERAL TRADE COMMISSION
915 Second Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

C.  Failing to disclose truthfully, and in a clear and conspicuous manner, before a consumer pays for goods or services, all the material terms and conditions of a refund or cancellation policy, if the seller or telemarketer has such a policy and informs the consumer about such policy, in violation of Section 310.3(a)(1)(iii) of the Rule, 16 C.F.R. § 310.3(a)(1)(iii);

D.  If the seller has a policy against cancellations, refunds, exchanges, or repurchases, failing to disclose truthfully, and in a clear and conspicuous manner, before a consumer pays for goods or services, that this is the seller's policy, in violation of Section 310.3(a)(1)(iii) of the Rule, 16 C.F.R. § 310.3(a)(1)(iii);

E.  Initiating an outbound telephone call in which the telemarketer fails to disclose truthfully, promptly, and in a clear and conspicuous manner to the person receiving the call, the following information:

  1.  the identity of the seller;

  2.  that the purpose of the call is to sell goods or services, and

  3.  the nature of the goods or services,

  in violation of Section 310.4(d)(1), (2), and (3) of the Rule, 16 C.F.R. § 310.4(d)(1), (2), and (3);

F.  Initiating, or causing a telemarketer to initiate, an outbound telephone call that delivers a prerecorded message that fails, within two (2) seconds after the completed greeting of the person called, to play a prerecorded message that promptly provides the disclosures required by Paragraph III.E above and Section 310.4(d) of the Rule, followed immediately by a disclosure of one or both of the following:

  1.  in the case of a call that could be answered in person by a consumer, that the person called can use an automated interactive voice and/or keypress-activated opt-out mechanism that automatically adds the number called to the seller's entity-specific Do Not Call List and immediately disconnects the call, and

  2.  in the case of a call that could be answered by an answering machine or voicemail service, provides a toll-free telephone number that the consumer can

FEDERAL TRADE COMMISSION
915 Second Ave., Su. 2896
Seattle, Washington 98174
(206) 220-6350

call and that allows the consumer to have his or her telephone number automatically added to the seller's entity-specific Do Not Call list, immediately thereafter disconnects the call, and remains available throughout the duration of the telemarketing campaign,

in violation of Section 310.4(b)(1)(v)(B)(*ii*)(*A-B*), 16 C.F.R. § 310.4(b)(1)(v)(B)(*ii*)(*A-B*);

G.    Initiating, or causing a telemarketer to initiate, an outbound telephone call to any person when that person previously has stated that he or she does not wish to receive an outbound telephone call made by or on behalf of the seller whose goods or services are being offered, in violation of Section 310.4(b)(1)(iii)(A), 16 C.F.R. § 310.4(b)(1)(iii)(A);

H.    Failing to transmit or cause to be transmitted the telephone number, and, when made available by the telemarketer's carrier, the name of the telemarketer, to any caller identification service in use by a recipient of a telemarketing call, or, alternately, to transmit or cause to be transmitted the name of the seller on behalf of which a telemarketing call is placed and the seller's customer service telephone number, in violation of Section 310.4(a)(7) of the Rule, 16 C.F.R. § 310.4(a)(7); and

I.    Initiating, or causing others to initiate, an outbound telephone call to a person's telephone number on the National Do Not Call Registry, in violation of Section 310.4(b)(1)(iii)(B) of the Rule, 16 C.F.R. § 310.4(b)(1)(iii)(B).

*Provided, however*, that if the FTC promulgates rules that modify or supercede the Telemarketing Sales Rule, in whole or in part, Defendants shall comply fully and completely with all applicable requirements thereof, on and after the effective date of any such rules.

## ASSET PROVISIONS

### IV.  Asset Freeze

**IT IS FURTHER ORDERED** that:

A.    Defendants, their officers, agents, servants, employees, attorneys, and all other persons who are in active concert or participation with any of them, who receive actual notice of

FEDERAL TRADE COMMISSION
915 Second Ave., Su. 2896
Seattle, Washington 98174
(206) 220-6350

this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, or any of them, are preliminarily restrained and enjoined from:

1.    Transferring, liquidating, converting, encumbering, pledging, loaning, selling, concealing, dissipating, disbursing, assigning, spending, withdrawing, granting a lien or security interest or other interest in, or otherwise disposing of any funds, real or personal property, accounts, contracts, consumer lists (including lists of consumer names, telephone numbers, addresses, or account numbers, or other consumer data), shares of stock, or other assets, or any interest therein, wherever located, that are: (a) owned or controlled by any Defendant, in whole or in part; (b) in the actual or constructive possession of any Defendant; or (c) owned, controlled by, or in the actual or constructive possession of any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by any Defendant, including, but not limited to any assets held by or for, or subject to access by, any Defendant, at any bank or savings and loan institution, or with any broker-dealer, escrow agent, title company, commodity trading company, precious metals dealer, or other financial institution or depository of any kind;

2.    Opening or causing to be opened any safe deposit box titled in the name of any Defendant, or subject to access by any of them;

3.    Incurring any charge or cash advance on any credit card issued in the name of any Defendant, whether singly or jointly with one or more other persons; and

4.    Incurring any lien or other encumbrance on real property, personal property or other asset held in the name of any Defendant, whether singly or jointly with one or more other persons.

B.    Scope of Asset Freeze and Further Orders of Court Pertaining to It:

1.    Scope of Asset Freeze:  Notwithstanding the above, the assets of the Individual Defendants frozen by this section shall not include income from employment

FEDERAL TRADE COMMISSION
915 Second Ave., Su. 2896
Seattle, Washington 98174
(206) 220-6350

earned after June 26, 2009.  Each of the Individual Defendants shall submit to the FTC a monthly sworn statement reporting on all income received or earned the previous month, from all sources.  The FTC reserves the right to apply to the Court for further relief pertaining to income earned or received after June 26, 2009.

2.     Reservation of right to apply for leave to pay living expenses and attorney's fees from frozen assets:  Defendants reserve the right to apply to the Court for an order modifying this preliminary injunction to permit the defendants to pay reasonable, necessary and ordinary living expenses and/or attorney's fees and costs from frozen assets.

3.     Further Order of Court Pertaining to Freeze of Individual Defendants' Funds:  Notwithstanding the above, an Individual Defendant may, by further order of the Court or by written agreement of the FTC, pay from his or her personal funds reasonable, usual, ordinary, and necessary living expenses and attorney's fees.

## V.  Retention of Assets and Documents by Financial Institutions and Other Third Parties

**IT IS FURTHER ORDERED** that, effective immediately upon notification of this Order by letter from Plaintiff, delivered by any means including facsimile transmission, any bank, savings and loan institution, credit union, financial institution, brokerage house, escrow agent, money market or mutual fund, title company, commodity trading company, common carrier, storage company, trustee, commercial mail receiving agency, mail holding or forwarding company, or any other person, partnership, corporation, legal or business entity, or person that holds, controls or maintains custody of any account or asset belonging to, or titled in the name of, any Defendant or belonging to, or titled in the name of, any corporation, partnership or other entity directly or indirectly owned, managed  or controlled, in whole or in part, by any Defendant, or to which any Defendant is a signatory, or which is held on behalf of, or for the benefit of, any Defendant, individually or jointly, or that has held, controlled or maintained custody of any such account or asset at any time since January 1, 2005, shall:

FEDERAL TRADE COMMISSION
915 Second Ave., Su. 2896
Seattle, Washington 98174
(206) 220-6350

A. Prohibit Defendants and their agents, servants, employees, attorneys, and all persons or entities directly or indirectly under their control, or in common control with them, from withdrawing, removing, assigning, transferring, pledging, encumbering, disbursing, dissipating, converting, selling, or otherwise disposing of any such account or asset except:

    1. As directed by further order of the Court; or

    2. By written agreement of the FTC;

B. Maintain the status quo of any such account or asset and not withdraw, remove, assign, transfer, pledge, encumber, disburse, dissipate, convert, sell, or otherwise dispose of any such account or asset except:

    1. As directed by further order of the Court; or

    2. By written agreement of the FTC;

C. Deny Defendants and their agents, servants, employees, attorneys, and all persons or entities directly or indirectly under their control, or in common control with them, unless accompanied by counsel for the FTC, access to any safe deposit box that is:

    1. Titled in the name of any Defendant or of an affiliate or subsidiary, either individually or jointly; or

    2. Otherwise subject to access by any Defendant or by an affiliate or subsidiary;

D. Provide counsel for the FTC, within five business days of receiving a copy of this Order, a sworn statement setting forth:

    1. The identification number of each such account or asset belonging to or titled in the name of any Defendant or to which any Defendant is a signatory, or which is held on behalf of, or for the benefit of, any Defendant;

    2. The balance of each such account, or a description of the nature and value of such asset as of the time this Order is served, and, if any asset has been removed or transferred within the last 90 days, the date removed or transferred, the total funds removed or transferred, and the name of the person or entity to whom such account or other asset was remitted; and

FEDERAL TRADE COMMISSION
915 Second Ave., Su. 2896
Seattle, Washington 98174
(206) 220-6350

3.    The identification of any safe deposit box that is titled in the name, individually

or jointly, of any Defendant or is otherwise subject to access by any Defendant;

and

E.    Upon the FTC's request, promptly provide the FTC with copies of all records or other

documentation pertaining to such account or asset including, without limitation,

originals or copies of account applications, account statements, signature cards, checks,

drafts, deposit tickets, transfers to and from the accounts, all other debit and credit

instruments or slips, currency transaction reports, 1099 forms, and safe deposit box

logs.

## VI.  Repatriation of Assets

**IT IS FURTHER ORDERED** that within five (5) business days following service of this

Order, Defendants shall:

A.    Repatriate to the United States all funds, documents or assets in foreign countries held:

(1) by them; (2) for their benefit; or (3) under their direct or indirect control, jointly or

singly;

B.    The same business day as any repatriation under Paragraph VI.A above:

1.    notify counsel for Plaintiff of the name and location of the financial institution

or other entity that is the recipient of such funds, documents or assets; and

2.    serve this Order on any such financial institution or other entity;

C.    Provide Plaintiff with a full accounting of all funds, documents, and assets outside of

the territory of the United States held: (1) by them; (2) for their benefit; or (3) under

their direct or indirect control, jointly or singly; and

D.    Hold and retain all repatriated funds, documents, and assets and prevent any transfer,

disposition or dissipation whatsoever of any such assets or funds.

## RECEIVERSHIP PROVISIONS

## VII.  Appointment of Receiver

**IT IS FURTHER ORDERED** that Michael A. Grassmueck shall continue as Receiver for the

Receivership Defendants, with the full power of an equity receiver.  The Receiver shall be the agent of

FEDERAL TRADE COMMISSION
915 Second Ave., Su. 2896
Seattle, Washington 98174
(206) 220-6350

this Court and solely the agent of this Court in acting as Receiver under this Order. The Receiver shall be accountable directly to this Court. The Receiver shall comply with all Rules of this Court governing receivers. It is understood, given the nature of this assignment, that the Receiver may conclude that there are insufficient assets in the receivership or that other factors warrant withdrawal of the Receiver in accordance with Paragraph XVII below.

## VIII.  Access to Receivership Defendants' Business Premises

**IT IS FURTHER ORDERED** that the Receiver and his representatives and agents shall continue to have immediate access to any business premises of the Receivership Defendants, and immediate access to any other location where the Receivership Defendants have conducted business and where property or business records are likely to be located. Such business premises locations specifically include, but are not limited to, the offices and facilities of one or more of the Receivership Defendants at 1215 Earnest S. Brazill Street, Suite 33, Tacoma, Washington 98405; and any storage facility the Receiver learns is being used to store records of Receivership Defendants.

A.  The purpose of such access is to implement and carry out the Receiver's duties set forth in Paragraph IX, and to inspect and inventory all of the Receivership Defendants' property, assets and documents and inspect and copy any documents relevant to this action. The Receiver and those specifically designated by the Receiver shall have the right to remove the above-listed documents from those premises in order that they may be inspected, inventoried, and copied.

B.  In connection with gaining access to and securing the Receivership Defendants' business premises, the Receiver is authorized to use the assistance of law enforcement officers, including, without limitation, those from the Federal Bureau of Investigation and the Tacoma Police Department, as the Receiver deems necessary to effect service and to implement peacefully the provisions of this Order.

C.  The Receiver shall allow the FTC's representatives, agents, and assistants, as well as Defendants and their representatives, reasonable access to the premises of the Receivership Defendants. The purpose of this access shall be to inspect and copy any

FEDERAL TRADE COMMISSION
915 Second Ave., Su. 2896
Seattle, Washington 98174
(206) 220-6350

1    and all books, records, accounts, documents, and other property, including computer

2    data, owned by or in the possession of the Receivership Defendants.

3    D.    The Receiver is authorized to provide continued access to the Receivership Defendants'

4          business premises to law enforcement officers, as he deems fit; and to refer to those law

5          enforcement officers any documents or information that may appear to be relevant to

6          their duties.

7                          **IX.  Receivership Duties**

8        **IT IS FURTHER ORDERED** that the Receiver is directed and authorized to accomplish the

9    following:

10   A.    Assume full control of the Receivership Defendants by removing, as the Receiver

11         deems necessary or advisable, any director, officer, independent contractor, employee

12         or agent of the Receivership Defendants, including any Defendant, from control of,

13         management of, or participation in, the affairs of the Receivership Defendants;

14   B.    Take exclusive custody, control, and possession of all assets and documents of, or in the

15         possession, custody or under the control of, the Receivership Defendants, wherever

16         situated, including without limitation all paper documents and all electronic data and

17         devices that contain or store electronic data including but not limited to computers,

18         laptops, data storage devices, back-up tapes, DVDs, CDs, and thumb drives and all

19         other external storage devices and, as to equipment in the possession or under the

20         control of the Individual Defendants, all PDAs, smart phones, cellular telephones, and

21         similar devices issued or paid for by Receivership Defendants.  The Receiver shall be

22         deemed to be the authorized responsible person to act on behalf of the Receivership

23         Defendants and, subject to further order of the Court, shall have the full power and

24         authority to take all corporate actions, including but not limited to, the filing of a

25         petition for bankruptcy as the authorized responsible person as to each of the

26         Receivership Defendants, dissolution of the Receivership Defendants, and sale of the

27         Receivership Defendants.  The Receiver shall have full power to divert mail and to sue

28         for, collect, receive, take in possession, hold, and manage all assets and documents of

FEDERAL TRADE COMMISSION
915 Second Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

the Receivership Defendants and other persons or entities whose interests are now held by or under the direction, possession, custody or control of the Receivership Defendants; *provided, however*, that the Receiver shall seek further authority from the Court, after providing notice to the Plaintiff before attempting to collect any debt from a consumer if the Receiver believes the debt was induced by unfair or deceptive practices, including, without limitation, those identified by the FTC in this matter whether in the Complaint or in subsequent filings;

C.    Continue to take all steps necessary to secure the business premises of the Receivership Defendants including, but not limited to, all such premises located at 1215 Earnest S. Brazill Street, Tacoma, Washington 98405.  Such steps may include, but are not limited to, the following as the Receiver deems necessary or advisable:  (1) serving this Order on any person or entity; (2) completing a written inventory of receivership assets; (3) obtaining pertinent information from all employees and other agents of the Receivership Defendants including, but not limited to, the name, home address, social security number, job description, method of compensation, and all accrued and unpaid commissions and compensation of each such employee or agent; (4) video taping all portions of the business premises; (5) changing the locks and disconnecting any computer modems or other means of access to the computer or other records maintained at the business premises; and (6) requiring any persons present on the business premises at the time this Order is served to leave the premises, to provide the Receiver with proof of identification, or to demonstrate to the satisfaction of the Receiver that such persons are not removing from the premises documents or assets of the Receivership Defendants.  *Notwithstanding* any other provision of this Order, the Receiver shall determine what constitutes reasonable access by other persons or entities to the business premises of the Receivership Defendants;

D.    Investigate, conserve, hold, and manage all receivership assets, and perform all acts necessary or advisable to preserve the value of those assets in an effort to prevent any irreparable loss, damage or injury to consumers or to creditors of the Receivership

FEDERAL TRADE COMMISSION
915 Second Ave., Su. 2896
Seattle, Washington 98174
(206) 220-6350

1    Defendants including, but not limited to, obtaining an accounting of the assets, and

2    preventing transfer, withdrawal or misapplication of assets;

3    E.    Enter into contracts and purchase insurance as advisable or necessary;

4    F.    Prevent the inequitable distribution of assets and determine, adjust, and protect the

5          interests of consumers and creditors who have transacted business with the

6          Receivership Defendants;

7    G.    Manage and administer the business of the Receivership Defendants until further order

8          of this Court by performing all incidental acts that the Receiver deems to be advisable

9          or necessary, which include retaining, hiring, or dismissing any employees, independent

10         contractors, or agents;

11   H.    Choose, engage, and employ attorneys, accountants, appraisers, and other independent

12         contractors and technical specialists (collectively, "Professionals"), as the Receiver

13         deems advisable or necessary in the performance of duties and responsibilities under the

14         authority granted by this Order, which Professionals shall apply for payment of fees and

15         costs along with the Receiver and be paid from the assets of the receivership estate;

16   I.    Make payments and disbursements from the receivership estate that are necessary or

17         advisable for carrying out the directions of, or exercising the authority granted by, this

18         Order;

19   J.    Determine and implement the manner in which the Receivership Defendants will

20         comply with, and prevent violations of, this Order and all other applicable laws

21         including, but not limited to, revising sales materials and implementing monitoring

22         procedures;

23   K.    Institute, compromise, adjust, defend, appear in, intervene in, or become party to such

24         actions or proceedings in state, federal or foreign courts that the Receiver deems

25         necessary and advisable to preserve or recover the assets of the Receivership

26         Defendants or that the Receiver deems necessary and advisable to carry out the

27         Receiver's mandate under this Order, including but not limited to, the filing of a petition

28         for bankruptcy;

FEDERAL TRADE COMMISSION
915 Second Ave., Su. 2896
Seattle, Washington 98174
(206) 220-6350

L.  Defend, compromise, adjust or otherwise dispose of any or all actions or proceedings instituted in the past or in the future against the Receiver in his or her role as receiver, or against the Receivership Defendants that the Receiver deems necessary and advisable to preserve the assets of the Receivership Defendants, or that the Receiver deems necessary and advisable to carry out the Receiver's mandate under this Order, all notwithstanding the Stay of Actions set forth in Paragraph XIV of this Order;

M.  Continue and conduct the business of the Receivership Defendants in such manner, to such extent, and for such duration as the Receiver may in good faith deem to be necessary and advisable to operate the business profitably and lawfully, if at all; *provided, however*, that the continuation and conduct of the business shall be conditioned upon the Receiver's good faith determination that the business can be lawfully operated at a net profit using the assets of the receivership estate and without resort to any unfair or deceptive practices including, without limitation, those identified as such by the FTC in this matter whether in the Complaint or in other filings; and taking into account, among other things, that the fees and costs of the Receiver and the Professionals must be paid as senior priority administrative expenses of the receivership estate;

N.  Conduct investigations and issue subpoenas to obtain documents and records pertaining to, or in aid of, the receivership, and conduct discovery in this action on behalf of the receivership estate;

O.  Open one or more bank accounts in the Western District of Washington as designated depositories for funds of the Receivership Defendants. The Receiver shall deposit all funds of the Receivership Defendants in such a designated account and shall make all payments and disbursements from the receivership estate from such an account;

P.  Maintain accurate records of all receipts and expenditures that he or she makes as Receiver; and

Q.  Cooperate with reasonable requests for information or assistance from any state or federal law enforcement agency.

FEDERAL TRADE COMMISSION
915 Second Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

## X. Cooperation With The Receiver

**IT IS FURTHER ORDERED** that the Defendants and all other persons or entities served with a copy of this Order shall fully cooperate with and assist the Receiver. This cooperation and assistance shall include, but not be limited to, providing any information to the Receiver that the Receiver deems necessary to exercising the authority and discharging the responsibilities of the Receiver under this Order; providing any password required to access any computer, electronic account, or digital file or telephonic data in any medium; turning over all accounts, files, and records including those in possession or control of attorneys or accountants; and advising all persons who owe money to the Receivership Defendants that all debts should be paid directly to the Receiver. Defendants are hereby preliminarily restrained and enjoined from directly or indirectly:

A. Transacting any of the business of the Receivership Defendants;

B. Destroying, secreting, defacing, transferring, or otherwise altering or disposing of any documents of the Receivership Defendants including, but not limited to, books, records, accounts, writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data compilations, electronically-stored records, or any other papers of any kind or nature;

C. Transferring, receiving, altering, selling, encumbering, pledging, assigning, liquidating, or otherwise disposing of any assets owned, controlled, or in the possession or custody of, or in which an interest is held or claimed by, the Receivership Defendants or the Receiver;

D. Drawing on any existing line of credit available to Receivership Defendants;

E. Excusing debts owed to the Receivership Defendants;

F. Failing to notify the Receiver of any asset, including accounts, of the Receivership Defendants held in any name other than the name of any of the Receivership Defendants, or by any person or entity other than the Receivership Defendants, or failing to provide any assistance or information requested by the Receiver in connection with obtaining possession, custody or control of such assets;

FEDERAL TRADE COMMISSION
915 Second Ave., Su. 2896
Seattle, Washington 98174
(206) 220-6350

G.    Doing any act that would, or failing to do any act which failure would, interfere with the Receiver's taking custody, control, possession, or management of the assets or documents subject to this receivership; or to harass or interfere with the Receiver in any way; or to interfere in any manner with the exclusive jurisdiction of this Court over the assets or documents of the Receivership Defendants; or to refuse to cooperate with the Receiver or the Receiver's duly authorized agents in the exercise of their duties or authority under any Order of this Court; and

H.    Filing, or causing to be filed, any petition on behalf of the Receivership Defendants for relief under the United States Bankruptcy Code, 11 U.S.C. §§ 101-1330 (2002), without prior permission from this Court.

## XI.  Delivery of Receivership Property

**IT IS FURTHER ORDERED** that:

A.    Immediately upon service of this Order upon them, or within such period as may be permitted by the Receiver, to the extent they have not done so already, Defendants shall transfer or deliver possession, custody, and control of the following to the Receiver:

    1.    All assets of the Receivership Defendants, including, without limitation, bank accounts, web sites, buildings or office space owned, leased, rented, or otherwise occupied by the Receivership Defendants;

    2.    All documents of the Receivership Defendants, including, but not limited to, books and records of accounts, legal files (whether held by Defendants or their counsel) all financial and accounting records, balance sheets, income statements, bank records (including monthly statements, canceled checks, records of wire transfers, and check registers), client lists, title documents, and other papers;

    3.    All of the Receivership Defendants' accounting records, tax records, and tax returns controlled by, or in the possession of, any bookkeeper, accountant, enrolled agent, licensed tax preparer or certified public accountant;

FEDERAL TRADE COMMISSION
915 Second Ave., Su. 2896
Seattle, Washington 98174
(206) 220-6350

4.  All loan applications made by or on behalf of Receivership Defendants and supporting documents held by any type of lender including, but not limited to, banks, savings and loans, thrifts or credit unions;

5.  All assets belonging to members of the public now held by the Receivership Defendants; and

6.  All keys and codes necessary to gain or secure access to any assets or documents of the Receivership Defendants including, but not limited to, access to their business premises, means of communication, accounts, computer systems or other property;

B.  In the event any person or entity fails to deliver or transfer any asset or otherwise fails to comply with any provision of this Paragraph, the Receiver may file *ex parte* an Affidavit of Non-Compliance regarding the failure. Upon filing of the affidavit, the Court may authorize, without additional process or demand, Writs of Possession or Sequestration or other equitable writs requested by the Receiver. The writs shall authorize and direct the United States Marshal or any sheriff or deputy sheriff of any county, or any other federal or state law enforcement officer, to seize the asset, document or other thing and to deliver it to the Receiver.

## XII.  Transfer of Funds to the Receiver

**IT IS FURTHER ORDERED** that, upon service of a copy of this Order, all banks, broker-dealers, savings and loans, escrow agents, title companies, leasing companies, landlords, ISOs, credit and debit card processing companies, insurance agents, insurance companies, commodity trading companies or any other person, including relatives, business associates or friends of the Defendants, or their subsidiaries or affiliates, holding assets of the Receivership Defendants or in trust for Receivership Defendants shall cooperate with all reasonable requests of the Receiver relating to implementation of this Order, including freezing and transferring funds at his direction and producing records related to the assets of the Receivership Defendants.

## XIII.  Collection of Receivership Defendants' Mail

**IT IS FURTHER ORDERED** that:

FEDERAL TRADE COMMISSION
915 Second Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

A. The Individual Defendants are hereby preliminarily restrained and enjoined from opening mail addressed to any of the Receivership Defendants, including but not limited to such mail at the following address:

1215 Earnest S. Brazill Street, Suite 33, Tacoma, WA 98405

and any address used by either of the Individual Defendants;

B. The Receiver is authorized to open all such mail addressed to any Receivership Defendant.

C. Any funds enclosed in any mail shall be maintained and accounted for by the Receiver until further order by the Court.

D. An Individual Defendant who receives such mail addressed to any Receivership Defendant shall promptly deliver it to the Receiver.

The Receiver shall forward unopened all mail that he or she receives on behalf of the Receivership Defendant that is addressed solely to an Individual Defendant to the Individual Defendant at his or her last known address.

## XIV. Stay of Actions

**IT IS FURTHER ORDERED** that:

A. Except by leave of this Court, during pendency of the receivership ordered herein, Defendants and all other persons and entities aside from the Receiver are hereby stayed from taking any action to establish or enforce any claim, right, or interest for, against, on behalf of, in, or in the name of, the Receivership Defendants, any of their partnerships, assets, documents, or the Receiver or the Receiver's duly authorized agents acting in their capacities as such, including, but not limited to, the following actions:

1. Commencing, prosecuting, continuing, entering, or enforcing any suit or proceeding, except that such actions may be filed to toll any applicable statute of limitations;

2. Accelerating the due date of any obligation or claimed obligation; filing or enforcing any lien; taking or attempting to take possession, custody or control of

FEDERAL TRADE COMMISSION
915 Second Ave., Su. 2896
Seattle, Washington 98174
(206) 220-6350

any asset; attempting to foreclose, forfeit, alter or terminate any interest in any asset, whether such acts are part of a judicial proceeding or are acts of self-help or otherwise;

3.    Executing, issuing, serving or causing the execution, issuance or service of, any legal process including, but not limited to, attachments, garnishments, subpoenas, writs of replevin, writs of execution, or any other form of process whether specified in this Order or not; and

4.    Doing any act or thing whatsoever to interfere with the Receiver taking or maintaining custody, control, possession, or management of the assets or documents subject to this receivership, or to harass or interfere with the Receiver in any way, or to interfere in any manner with the exclusive jurisdiction of this Court over the assets or documents of the Receivership Defendants;

B.    This Paragraph does not stay:

1.    The commencement or continuation of a criminal action or proceeding;

2.    The commencement or continuation of an action or proceeding by a governmental unit, including without limitation the FTC, to enforce such governmental unit's police or regulatory power;

3.    The enforcement of a judgment, other than a money judgment, obtained in an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power; or

4.    The issuance to the Receivership Defendants of a notice of tax deficiency; and

C.    Except as otherwise provided in this Order, all persons and entities in need of documentation from the Receiver shall first attempt to secure it by submitting a formal

FEDERAL TRADE COMMISSION
915 Second Ave., Su. 2896
Seattle, Washington 98174
(206) 220-6350

written request to the Receiver, and, if the Receiver has not responded within 30 days, the person or entity may seek an Order of this Court with regard to the relief requested.

## XV.  Compensation of Receiver

**IT IS FURTHER ORDERED** that the Receiver and his Professionals and all personnel hired by the Receiver as herein authorized, including counsel to the Receiver and accountants, are entitled to reasonable compensation for the performance of duties pursuant to this Order and for the cost of actual out-of-pocket expenses incurred by them, which compensation shall be derived exclusively from the assets now held by, or in the possession or control of, or which may be received by, the Receivership Defendants or which are otherwise recovered by the Receiver.  The Receiver and Professionals shall file with the Court and serve on the parties statements on a monthly basis, which shall include a description of all services provided and expenses incurred, with the first such statement filed no later than 30 days after the date of this Order.  If no objection to the fees and expenses in the statements is filed with the Court by any party within 14 days of service of the statements, then the Receiver shall be authorized to pay such statements on an interim basis, with final approval thereof to be reserved until the closing of the case.  The Receiver shall not increase the hourly rates used as the bases for such fee applications without prior approval of the Court.

## XVI.  Receiver's Bond/Liability

**IT IS FURTHER ORDERED** that no bond shall be required in connection with the appointment of the Receiver.  Except for an act of gross negligence, the Receiver and the Professionals shall not be liable for any loss or damage incurred by any of the Defendants, their officers, agents, servants, employees and attorneys or any other person, by reason of any act performed or omitted to be performed by the Receiver and the Professionals in connection with the discharge of his or her duties and responsibilities, including but not limited to their withdrawal from the case under Paragraph XVII.

## XVII.  Withdrawal of Receiver

**IT IS FURTHER ORDERED** that the Receiver and any Professional retained by the Receiver, including but not limited to his or her attorneys and accountants, be and are hereby authorized to withdraw from their respective appointments or representations and apply for payment of their professionals fees and costs at any time after the date of this Order, for any reason in their sole

FEDERAL TRADE COMMISSION
915 Second Ave., Su. 2896
Seattle, Washington 98174
(206) 220-6350

and absolute discretion, by sending written notice seven (7) days prior to the date of the intended withdrawal to the Court and to the parties along with a written report reflecting the Receiver's work, findings, and recommendations, as well as an accounting for all funds and assets in possession or control of the Receiver. The Receiver and Professionals shall be relieved of all liabilities and responsibilities, and the Receiver shall be exonerated and the receivership deemed closed seven (7) days from the date of the mailing of such notice of withdrawal. The Court will retain jurisdiction to consider the fee applications, report, and accounting submitted by the Receiver and the Professionals. The written notice shall include an interim report indicating the Receiver's actions and reflect the knowledge gained along with the fee applications of the Receiver and his or her Professionals. The report shall also contain the Receiver's recommendations, if any.

## DEFENDANTS' REPORTING AND RELATED OBLIGATIONS

### XVIII.  Financial Reports and Accounting

**IT IS FURTHER ORDERED** that, to the extent that they have not done so already, within five calendar days of entry of this Order:

A.      Each Individual Defendant shall prepare and deliver to counsel for the FTC a completed financial statement on the form captioned "Financial Statement of Individual Defendant," which was attached to the TRO as Attachment A;

B.      Unless otherwise agreed upon with Counsel for the FTC and the Receiver, Defendants Paul Morris Thompson and Miranda Cavender shall also prepare and deliver to counsel for the FTC a completed financial statement on the form captioned "Financial Statement of Corporate Defendant," which was attached to the TRO as Attachment B, for each Corporate Defendant (MCS Programs, LLC, United Savings Center, Inc., and USC Programs, LLC), and for each business entity owned, controlled or managed by an Individual Defendant, regardless of whether that business entity is a defendant in this case. The financial statements shall be accurate as of the date and time of entry of this Order; and

C.      Each Defendant shall also prepare and deliver to counsel for the FTC:

1.      A completed statement, verified under oath:

FEDERAL TRADE COMMISSION
915 Second Ave., Su. 2896
Seattle, Washington 98174
(206) 220-6350

1                     a.     specifying the name and address of each financial institution and

a. specifying the name and address of each financial institution and brokerage firm at which the Defendant has accounts or safe deposit boxes. Said statements shall include assets held in foreign as well as domestic accounts; and

b. listing each person who has received a payment, transfer, or assignment of funds, assets, or property whose fair market value equals or exceeds $10,000 in any twelve-month period since January 1, 2005. This list shall specify for each transaction: (a) the amount transferred or assigned; (b) the name of each transferee or assignee; (c) the date of the assignment or transfer; and (d) the type and amount of consideration paid to the Defendant;

2. For all goods and services advertised, marketed, promoted, offered for sale, distributed, or sold by the Defendant, a detailed accounting, verified under oath, of:

a. all gross revenues obtained from the sale or distribution of each such product or service (broken down by month and year) from January 1, 2005, through the date of the issuance of this Order;

b. all net profits obtained from the sale or distribution of each such product or service (broken down by month and year) from January 1, 2005, through the date of the issuance of this Order;

c. the total amount of each such product sold or distributed (broken down by month and year) from January 1, 2005, through the date of the issuance of this Order; and

d. the full names, addresses, and telephone numbers of all purchasers or recipients of each such product, and the amount paid by each from January 1, 2005, through the date of the issuance of this Order; and

D. The Defendants shall each provide the FTC access to records and documents pertaining to Defendants that are held by financial institutions outside the territory of the United

FEDERAL TRADE COMMISSION
915 Second Ave., Su. 2896
Seattle, Washington 98174
(206) 220-6350

States by signing the "Consent to Release of Financial Records," which was attached to the TRO as Attachment C.

### XIX. Preserving and Keeping Records / Business Operations

**IT IS FURTHER ORDERED** that Defendants, their officers, agents, servants, employees, and attorneys, and those persons who are in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, are preliminarily restrained and enjoined from:

A. Failing to create and maintain documents that, in reasonable detail, accurately, fairly, and completely reflect their incomes, disbursements, transactions, and use of money, beginning as of the date and time of issuance of this Order;

B. Failing to make and keep books, records, accounts, bank statements, current accountants' reports, general ledgers, general journals, cash receipt ledgers, cash disbursement ledgers and source documents, documents indicating title to real or personal property, and any other data which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of Defendants;

C. Destroying, erasing, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, any documents that relate to the business practices or business or personal finances of Defendants, or to the business practices or finances of entities directly or indirectly under the control, in whole or in part, of Defendants, including, without limitation, books, records, tapes, discs, accounting data, checks (fronts and backs), correspondence, forms, advertisements, brochures, manuals, electronically stored data, banking records, customer lists, customer files, invoices, telephone records, ledgers, payroll records, or other documents of any kind, including information stored in computer-maintained form, in their possession, custody or control; and

D. Creating, operating or exercising any control over any business entity, including any partnership, limited partnership, joint venture, sole proprietorship or corporation, without first providing the FTC with a written statement disclosing: (1) the name of the

FEDERAL TRADE COMMISSION
915 Second Ave., Su. 2896
Seattle, Washington 98174
(206) 220-6350

business entity; (2) the address and telephone number of the business entity; (3) the names of the business entity's officers, directors, principals, managers, and employees; and (4) a detailed description of the business entity's intended activities.

## XX.  Distribution of Order by Defendants

**IT IS FURTHER ORDERED** that Defendants shall immediately provide a copy of this Order to each affiliate, partner, division, sales entity, successor, assign, employee, independent contractor, agent, payment processor, attorney, and representative, of Defendants and shall, within ten days from the date of entry of this Order, serve upon counsel for the FTC a sworn statement that they have complied with this provision of the Order, which statement shall include the names and addresses of each such person or entity who received a copy of the Order.

## MISCELLANEOUS PROVISIONS

## XXI.  Limited Expedited Discovery

**IT IS FURTHER ORDERED** that pursuant to Federal Rules of Civil Procedure 30(a), 31(a), 34, and 45, Plaintiff and the Receiver are granted leave, at any time after issuance of this Order, to:

> A.     Upon at least forty-eight hours' written notice, take the deposition of any person, whether or not a party, for the purpose of discovering the nature, location, status, and extent of assets of Defendants or of their affiliates or subsidiaries; the nature and location of documents reflecting the business transactions of Defendants; the whereabouts of Defendants; and the applicability of any evidentiary privileges to this action.  The limitations and conditions set forth in Fed. R. Civ. P. 30(a)(2)(B) and 31(a)(2)(B) regarding subsequent depositions of an individual shall not apply to depositions taken pursuant to this Paragraph, and any deposition taken pursuant to this Paragraph shall not be counted toward the ten-deposition limit set forth in Fed. R. Civ. P. 30(a)(2)(A) and 31(a)(2)(A).  Service of discovery upon a party, sought pursuant to this Paragraph, shall be sufficient if made by facsimile or by overnight delivery; and

> B.     Demand the production of documents, on five days' notice, from any person, whether or not a party, relating to the nature, status or extent of assets of Defendants or of their affiliates or subsidiaries; the location of documents reflecting the business transactions

FEDERAL TRADE COMMISSION
915 Second Ave., Su. 2896
Seattle, Washington 98174
(206) 220-6350

of Defendants; the whereabouts of Defendants; and the applicability of any evidentiary privileges to this action; *provided* that 24 hours' notice shall be deemed sufficient for the production of any such documents that are maintained or stored as electronic data.

## XXII.  Service of Order

**IT IS FURTHER ORDERED** that copies of this Order may be served by any means, including facsimile transmission, upon any financial institution, or other entity or person that may have possession, custody, control or knowledge of any documents or assets of any Defendant or any other entity or person that may otherwise be subject to any provision of this Order.  Service without Attachments shall effect service of the Order.  Service upon any branch or office of any financial institution shall effect service upon the entire financial institution.

## XXIII.  Credit Reports

**IT IS FURTHER ORDERED** that pursuant to Section 604(a)(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(a)(1), any consumer reporting agency served with this Order shall promptly furnish credit reports concerning a Defendant to the FTC and the Receiver.

## XXIV.  Retention of Jurisdiction

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for all purposes.

FEDERAL TRADE COMMISSION
915 Second Ave., Su. 2896
Seattle, Washington 98174
(206) 220-6350

## XXV.  No Admission of Wrongdoing or Waiver of Privileges

**IT IS FURTHER ORDERED** that nothing herein shall be deemed an admission of wrongdoing by the defendants, an admission of any allegation in the complaint in this action or a waiver of any defense or privilege.

Stipulated by:

**PLAINTIFF**

/s/ Maxine R. Stansell
MAXINE R. STANSELL WSBA # 9418
ELEANOR DURHAM Member MD Bar
Attorneys for Plaintiff
Federal Trade Commission
(206) 220-6350 Fax: (206) 220-6366
mstansell@ftc.gov
edurham@ftc.gov

**DEFENDANTS**

/s/ Miranda L. Cavender
(by phone with FTC Counsel)
Miranda L. Cavender, Defendant
1639 S. 96th St
Tacoma, WA 98444
(253) 503-7229
mirandacavender@yahoo.com

/s/ Hector Lora
(by phone with FTC counsel)
Hector Lora
Cove & Associates
Attorneys for Defendants MCS Programs, LLC,
United Savings Center, Inc., USC Programs,
LLC, and Paul Morris Thompson
225 South 21st Avenue
Hollywood, FL 33020
(954) 921-1121 Fax: (954) 921-1621
hel@covelaw.com

**SO ORDERED.**

DATED this 13th day of July, 2009.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

FEDERAL TRADE COMMISSION
915 Second Ave., Su. 2896
Seattle, Washington 98174
(206) 220-6350